UNITED STATES, Appellee

v

LEONARD ROGERS, Machinist's Mate Fireman,
U. S. Navy, Appellant

11 USCMA 669, 29 CMR 485

No. 14,004

Decided July 15, 1960

Colonel Olin W. Jones, USMC, Lieutenant Eric L. Keisman, USNR, and Lieutenant (jg) Martin Drobac, USNR, were on the brief for Appellant, Accused.

Commander Louis L. Milano, USN, and Captain Warren C. Kiracofe, USN, were on the brief for Appellee, United States.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused, on his plea of guilty, of unauthorized absence of over a month's duration, and adjudged a sentence which included a bad-conduct discharge. With some modification of the sentence, intermediate appellate authorities affirmed the conviction. We granted review to consider whether the accused was prejudiced in regard to the sentence by certain disclosures during *voir dire* on the qualifications of the court members.

At the appropriate time, trial counsel asked if any member of the court was aware of any ground for challenge for cause. Although the record of trial does not show the fact specifically, it may reasonably be inferred that there was a negative response. Trial counsel then indicated he had no challenge for cause, and he did not desire to exercise

the Government's peremptory challenge. Thereupon, defense counsel, who was not a lawyer, interposed a challenge for cause against Chief Machinist C. P. Carpenter. It was established that the court member was the accused's division officer; that he was present when the accused was brought up at Captain's Mast and, in response to a question by the executive officer of the ship, he said the accused "was the worst man" he had ever had in his division. The challenge for cause was sustained. No instructions were given to the court members to disregard the above circumstances in their consideration of the case.

Inquiry into a ground of disqualification of a court member on *voir dire* presents a delicate problem. A showing sufficient to make clear that disqualification exists must be made; yet, at the same time, care must be taken to keep from the other members of the court evidence of matters which, while relevant to the disqualification, are of a nature which might prejudice the accused. The problem was before us in United States v Richard, 7 USCMA 46, 21 CMR 172. We there observed that the discussion in the Manual for Courts-Martial, United States, 1951, on the challenge procedure indicates that "only the ultimate ground for challenge need be disclosed."

A court member who has a fixed, adverse opinion of the accused is subject to challenge for cause. ■■■■■■ ■ Manual for Courts-Martial, United States, 1951, paragraph 62f(13). The mere statement of such an opinion by a court member, without indication of the basis therefor, does not justify the conclusion that the other court members would thereby be prejudiced against the accused. United States v Batchelor, 7 USCMA 354, 22 CMR 144. But when the examination into the ground for disqualification discloses matters reflecting unfavorably upon the accused, it becomes necessary to consider the effect of these matters upon the other court members. If there is a fair risk that the disclosure might have influenced them against the accused, cor-

rective action is required. United States v Richard, supra.

Here, the challenged inquiry included a statement of the facts upon which the member predicated his ■■■■■■ ■ hostile opinion of the accused. The prosecution was thus aided by evidence of the personal opinion of the accused's division officer regarding the accused's duty performance which could not have come before the court-martial as an original matter. Cf. Manual for Courts-Martial, United States, 1951, paragraph 138f, page 243. The court-martial was not instructed to disregard the matter. Considering the record as a whole, and having in mind the nature of the offense, we conclude there is a fair risk of prejudice to the accused in regard to the sentence.[1]

The decision of the board of review as to the sentence is reversed and the sentence is set aside. A rehearing thereon may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The alleged unfavorable information was set out in a statement by defense counsel. This is his challenge:

"The accused challenges Chief Machinist's Charles P. Carpenter for the following reasons: In that he is the division officer of the accused. When the accused went over the hill, he may have caused more work to be done in this division, or in the department for that matter. Mr. Carpenter may have some feelings for the accused, and also when the accused was up at Captain's Mast, the Executive Officer asked Mr. Carpenter how Rogers was doing in his work, and he said, in effect, that he was the worst man he had ever had in the division."

A recess was taken at the request of trial counsel, and when court reconvened the member verified the information under oath and the court-martial sustained the challenge. It would thus ap-

---

[1] There is, of course, no prejudice as to the findings of guilty because of the accused's plea of guilty.

pear that the defense desired the information disclosed to support its challenge, and I know of no legal basis to support a holding that the president erred when he permitted defense counsel to make his statement. Moreover, it is saddling him with an unnecessary burden to require a *sua sponte* instruction informing the court members to disregard evidence placed in the record for the benefit of the defense.

Assuming for the moment that the accused should be permitted to escape the effect of his counsel's statement, I find no prejudice. The sentence imposed by the court-martial was reduced substantially by appellate agencies and, unless accused has offended again, he is now back on duty without decrease in grade as his bad-conduct discharge and reduction were suspended with provision for automatic remission. Moreover, he was not confined, and he lost only $69.00 in forfeitures. Accordingly, I have grave doubts that a reassessment of sentence at this time is necessary to effectuate justice.