UNITED STATES, Appellee

v

ROBERT L. MITCHELL, Specialist Five,
U. S. Army, Appellant

15 USCMA 59, 35 CMR 31

No. 17,599

September 18, 1964

*Colonel Joseph L. Chalk* and *Captain Daniel H. Benson* were on the brief for Appellant, Accused.

*Lieutenant Colonel Francis M. Cooper* and *Captain Charles M. Pallesen, Jr.,* were on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

After his conviction for a sexual assault, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, the accused moved to vacate the findings of guilty and sentence, on the ground the method by which the enlisted members of the court-martial were selected arbitrarily excluded the lower ranks from consideration. The issue is the same as that raised in United States v Crawford, 15 USCMA 31, 35 CMR 3. Some differences in the evidence in the two cases merit mention.

It appears that initially the command which convened the court-martial considered only persons in E-9, the highest enlisted rank, for selection as court members. However, that policy was changed before the court-martial which tried the accused was constituted. The procedure then in effect, which was prescribed by

the Corps Commander, provided for the preparation of a separate roster of persons qualified to serve on special and general courts-martial. Selection of persons on this roster was limited to field grade officers and senior non-commissioned officers, designated as those in ranks E–7 to E–9. At the beginning of each month, four enlisted persons from the roster were made available for appointment to any courts-martial to be convened during the month.

There is no evidence of the reasons which led the convening authority to express a preference for the senior noncommissioned ranks in the initial selection of eligibles. In the *Crawford* case, supra, we noted that under the Uniform Code enlisted persons of all ranks are eligible for appointment as court members. We also noted the reasonableness of the assumption that the attainment of senior rank gives fair promise of the possession of the qualities specified in the Code as desirable for court members. On that assumption, it is both logical and permissible to look first to some of the more senior ranks for qualified court members. Had the Corps policy of selection been limited to only the highest enlisted rank, it might, perhaps, support the accused's inference that it was designed to exclude all other enlisted persons. However, the policy in effect at the time of the accused's court-martial is more indicative of an honest intention to obtain eligible enlisted persons than it is of a desire to exclude arbitrarily all other enlisted groups in violation of the Uniform Code. Considering the evidence, and the reasonable inferences to be drawn from it, we are unable to say the method of selection used in this case constitutes an arbitrary exclusion of the lower enlisted ranks from consideration for appointment as court members.

The decision of the board of review is affirmed.

KILDAY, Judge (concurring in the result):

I concur in the result.

For the reasons set forth in my separate opinion in United States v Crawford, 15 USCMA 31, 35 CMR 3, I concur in the affirmance of the decision of the board of review.

FERGUSON, Judge (dissenting):

I dissent.

The facts in this case demonstrate that nominations for enlisted membership on courts-martial convened by the Commanding General, VII Corps, were, until January or February 1963, officially limited to those noncommissioned officers who possessed the highest possible grade—that of E–9. Thereafter, "members in pay grades E–7 and E–8 were phased in and this procedure was made official in April 1963 with the approval and publication of VII Corps Circualr [sic] 220–45."

It is apparent, therefore, that the convening authority deliberately restricted the appointment of enlisted court members to senior noncommissioned officers. Thus, for the reasons set forth in my separate opinion in United States v Crawford, 15 USCMA 31, 35 CMR 3, I would reverse the decision of the board of review and order another trial before a properly constituted court-martial.