UNITED STATES, Appellee

v

ROBERT M. ROSS, JR., Private First Class,
U. S. Army, Appellant

15 USCMA 64, 35 CMR 36

No. 17,671

September 18, 1964

Colonel Joseph L. Chalk, Captain Charles W. Schiesser, and First Lieutenant Gerald L. Kesten were on the brief for Appellant, Accused.
Lieutenant Colonel Francis M. Cooper and Captain Charles M. Pallesen, Jr., were on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial in Korea, composed in part of enlisted persons in accordance with the accused's request, convicted the accused of larceny of a quantity of barbed wire belonging to the Government, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921.

At trial the accused moved, before entering his plea, for a "mistrial" on the ground the court-martial was improperly constituted. In an out-of-court hearing on the motion, the defense presented evidence as to the method of selection of the enlisted members of the court. In substance, it appears that the staff judge advocate's office requested the adjutant general's office to nominate four senior noncommissioned officers of "judicious temperament" for the convening authority's consideration. Captain David F. Jones, Chief of the Administrative Services Division of the Adjutant General's Office, acted on the request. He understood that a senior noncommissioned officer was one in the rank of E-7 to E-9, the latter being

the highest enlisted grade. He considered the phrase "judicious temperament" to require a person of good character. His opinion was based upon an earlier incident in which his office had nominated an enlisted man who had been relieved from his assigned duty and was himself facing disciplinary action. Captain Jones passed on the request to the subordinate units of the command, asking specifically for "good people of a judicious temperament" in grades E–7 through E–9. He asked for persons in these grades because he regarded it as "a reasonable breakdown" of the senior noncommissioned officer ranks, and as being "easy to get."

Defense counsel contended the evidence showed the enlisted court members were selected by a method which intentionally and systematically excluded enlisted persons in lower ranks, in violation of the Uniform Code. The law officer denied the application for relief.

The method of selection disclosed by the evidence in this case is substantially similar to that we considered in United States v Crawford, 15 USCMA 31, 35 CMR 3. For the reasons set out in our opinion in that case, we hold that the selection process did not improperly exclude enlisted persons in the lower ranks from consideration for appointment as court members.

The decision of the board of review is affirmed.

KILDAY, Judge (concurring in the result):

I concur in the result.

For the reasons set forth in my separate opinion in United States v Crawford, 15 USCMA 31, 35 CMR 3, I concur in the affirmance of the decision of the board of review.

FERGUSON, Judge (dissenting):

I dissent.

As the Chief Judge notes, the facts presented in this record concerning the means by which enlisted men were nominated for court membership are, for all purposes relevant here, the same as those before us in United States v Crawford, 15 USCMA 31, 35 CMR 3. Although the accused was a private first class, consideration for appointment on courts-martial was limited to those enlisted men who were senior noncommissioned officers. For the reasons set forth in my separate opinion in United States v Crawford, supra, I would reverse the decision of the board of review and order another trial before a properly constituted court-martial.