UNITED STATES, Appellee

v

NEAL E. FREEMAN, Private First Class, U. S. Army, Appellant

15 USCMA 126, 35 CMR 98

No. 17,646

November 20, 1964

*Captain Clifford B. Hearn, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Jacob Hagopian,* and *Captain Daniel H. Benson.*

*First Lieutenant Allen I. Olson* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis M. Cooper* and *Captain Charles M. Pallesen, Jr.*

## Opinion of the Court

QUINN, Chief Judge:

Appellant was convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. His sentence, as reduced by the intermediate appellate authorities, extends

**127**

to a bad-conduct discharge and confinement at hard labor for one year. On this appeal, he alleges he was deprived of a fair trial.

The first assignment of error concerns the process of selection of the enlisted members of the ■■■■ ■ court-martial. At trial, the accused's individual military defense counsel alleged it was his "understanding" that "a policy" existed in the command to nominate only enlisted personnel in the grade of E–9 as prospective members for such courts-martial as were required to be composed in part of enlisted persons. Trial counsel maintained he knew of "no such policy." No evidence was presented to show the existence of the alleged policy, and there was no indication of the method of selection of the enlisted members of this particular court. In his petition for review, the accused insisted upon the existence of a purported policy of arbitrary and improper exclusion from court membership of enlisted persons in ranks lower than E–9. He relied upon arguments advanced by his trial defense counsel in an Article 38 Brief (Article 38(c), Uniform Code of Military Justice, 10 USC § 838), filed with the board of review, and on statistics on courts-martial membership presented in United States v Crawford, 15 USCMA 31, 35 CMR 3, which was then pending undetermined in this Court. *Crawford* and United States v Mitchell, 15 USCMA 59, 35 CMR 31, decided this issue against the accused. Judge Ferguson dissented in those cases, but he agrees they are controlling here.

In the remaining assignment of error, the accused contends the law officer improperly restricted the scope of the defense *voir dire* of the court members. The contention is predicated upon a ruling sustaining trial counsel's objection to a single question asked by individual defense counsel. The record shows the following:

"IC: . . . Now gentlemen, is there anybody on this court who does not think, in his own opinion, that a person can be so drunk that they cannot entertain a specific intent and a prescribed offense, such as, say, the

intent to wilfully disobey an order, or say, the intent to deprive somebody, permanently of their property?

"TC: Sir, I object to that question. This is getting into the field of law where the law officer will instruct the court.

"LO: We are also getting into a question of evidence which the court has not heard. The objection is sustained."

Responsibility for the scope and the nature of the *voir dire* of court members rests upon the law officer. ■■■■ ■ In the discharge of his responsibility, he exercises, as does the judge in the regular Federal courts, a wide discretion. On the one hand, he should not be "miserly" in the latitude allowed counsel to examine into predilections of the court members for the purpose of establishing a basis for challenge, either peremptorily or for cause. United States v Parker, 6 USCMA 274, 282, 19 CMR 400; see also United States v Dean, 5 USCMA 44, 17 CMR 44. On the other hand, he must guard against such inquiry as might result in a response which, while disclosing a ground for challenge of a particular court member, might also so influence the minds of the other court members as to cast doubt upon their ability thereafter to act impartially in the cause. United States v Richard, 7 USCMA 46, 21 CMR 172; United States v Rogers, 11 USCMA 669, 29 CMR 485; see also United States v Talbott, 12 USCMA 446, 31 CMR 32.

Mindful of the difficulties inherent in a *voir dire*, this Court, along with other Federal appellate courts, ■■■■ ■ has reviewed with circumspection challenged rulings on specific questions or on a defined line of inquiry. The fact that an opposite course from that followed by the law officer is reasonable in the circumstances, does not necessarily stamp the trial determination as error. See United States v Lebron, 222 F2d 531 (CA 2d Cir) (1955), cert den 350 US 876, 100 L ed 774, 76 S Ct 121 (1955). Since the area of discretion is wide,

we cannot substitute our judgment as to what should have been done at the trial, unless it appears the ruling was manifestly unreasonable or arbitrary. See Fredrick v United States, 163 F2d 536, 550–551 (CA 9th Cir) (1947), cert den 332 US 775, 92 L ed 360, 68 S Ct 87 (1947). Each ruling alleged to be erroneous must be "separately analyzed," according to the "issues, facts, and circumstances" of the case. United States v Parker, supra, at page 282; 50 CJS, Juries, § 275.

The question in issue has been variously interpreted. Appellate defense counsel contend it asks in effect "whether anyone had a 'mental obstacle' to [or prejudice against] the defense of intoxication." Trial counsel, however, apparently construed the question as asking for the opinion of the veniremen as to the legal consequences of a particular state of intoxication on a specific intent, which he believed was a matter of law for the law officer's instruction. See State v Dreher, 166 La 924, 118 So 85 (1928), cert den 278 US 641, 73 L ed 556, 49 S Ct 36 (1928). The law officer not only agreed with trial counsel's interpretation, but also viewed the question as calling for the court members to state how they would decide the case if a certain state of evidence should be developed. See Kurczak v United States, 14 F2d 109 (CA 6th Cir) (1926).

We may assume, with appellate defense counsel, that defense ▪ counsel's purpose at trial was to ascertain whether any court member had a fixed bias or hostility against persons who drink, or whether any entertained an unalterable aversion toward intoxication as a defense to a criminal charge. That assumption, however, does not compel the conclusion that the law officer erred in sustaining trial counsel's objection to the question. The question is indeed ambiguous; and it can be construed either as it was by trial counsel and the law officer, or as it is now construed by the accused. The law officer pointed out the infirmities he saw in the question. Neither his comments nor his ruling prohibited further questioning by defense counsel. And defense counsel did, in fact, continue the *voir dire* after the ruling. There is nothing in the record that even suggests that defense counsel would not have been allowed to put questions addressed more clearly and specifically to the point of bias or irreversible opinion on the part of the court members. Counsel did not pursue the inquiry. It would, therefore, appear that he did not desire to explore the point. Certainly he could have, and if he was genuinely interested in the question of bias he should have, rephrased his question to present the issue more clearly. While it is "better to allow" a doubtful question (United States v Parker, supra, at page 279), we cannot say that in sustaining trial counsel's objection to this one question, the law officer abused his discretion.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.