UNITED STATES, Appellee

v

DANIEL E. GOODE, Private, U. S. Army, Appellant

17 USCMA 584, 38 CMR 382

No. 20,860

June 14, 1968

.Captain Douglas J. Wold argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent, Major Jack G. McKay, and Captain John Wall Hanft.

Captain Robert T. Mitchell, Jr., argued the cause for Appellee, United

States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Major John F. Webb, Jr.*

## Opinion of the Court

KILDAY, Judge:

Accused was arraigned before a general court-martial convened at Fort Huachuca, Arizona, charged with one specification each of absence without leave and escape from lawful confinement, in violation of Articles 86 and 95, respectively. He pleaded guilty as charged and was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority, in accordance with a pretrial agreement, reduced the sentence to a bad-conduct discharge, total forfeitures, and confinement at hard labor for nine months. The board of review affirmed the findings and sentence as approved without opinion.

We granted the accused's petition for review to consider two assignments of error. However, in view of the action we take, we need only consider the single assignment of whether the law officer abused his discretion in denying the accused's motion to dismiss the charge and specification alleging absence without leave on the basis of a lack of speedy trial.

According to the charge and specification, the accused, while a member of Company A, First Battalion (Airborne), 506th Infantry, Fort Campbell, Kentucky, on or about October 1, 1966, without proper authority absented himself from his unit and remained absent until on or about November 1, 1966. At time of trial and before entering a plea, defense counsel moved to dismiss the charges and specifications on the ground that the Government had "failed to bring Private Goode to trial as required by Articles 10, 30 and 33 of the Uniform Code of Military Justice[1] and the Sixth Amendment of the Constitution of the United States, which requires a speedy trial." In support of his motion, defense counsel presented a Memorandum of Authorities and a stipulation as to the chronology of events. The two documents were marked as Appellate Exhibits II and III and appended to the record of trial.

Thereafter, defense counsel argued that the simplicity of the case, proof by presentation of an official morning report, was such that a delay "of 122 days cannot be explained by the Government." Contrariwise, trial counsel contended that the delay was occasioned principally by the fact that since Goode absented himself from a post in a state (Kentucky) other than that in which he was confined (Arizona), it was necessary to obtain the proper papers from the prior location. Inasmuch as the papers were not in order when originally received, it was necessary on a second occasion for authorities at Fort Huachuca to direct correspondence to the other location for corrected documents. Trial counsel asserted that the Government's delay was neither willful, purposeful, vexatious, oppressive, nor due to a lack of diligence. The law officer, without comment, overruled the motion.

The stipulated chronology reflects the following:

| "Total Days In Confinement | | |
|---|---|---|
| | 7 Nov 66 | Confined Post Stockade, Fort Huachuca. |
| 23 | 1 Dec 66 | Goode talked to Cpt Mahar (JAGC), after requesting counsel; asked Mahar when trial would be; Mahar called personnel and was informed Goode's records not in order. |

---

[1] 10 US Code, §§ 810, 830, 833.

| | | |
|---|---|---|
| 68 | 14 Jan 67 | Asked Chaplain Reed what was happening—informed that records had finally arrived, but were being sent back to Campbell for correction. |
| 70 | 16 Jan 67 | Letter sent out to Fort Bliss and Ft Campbell requesting that erroneous records be corrected so Goode could be assigned to Ft Huachuca. |
| 71 | 17 Jan 67 | Goode's escape from confinement, and subsequent apprehension and reconfinement. |
| 72 | 18 Jan 67 | Goode talked to Cpt Davis (JAGC) after again requesting a lawyer. |
| 85 | 31 Jan 67 | Charges read to Goode by Lt Steinmetz (CO, HQ Co (7012)) |
| 94 | 9 Feb 67 | Article 32 investigation completed—LTC Rushing |
| 108 | 23 Feb 67 | Case referred to General Court-Martial, and counsel assigned. |
| 113 | 28 Feb 67 | Defense Counsel (CPT Davis) given file. |
| 122 | 9 Mar 67 | Trial." |

That part of the chronology which contained the Government's explanation for the delay reflected that Goode went absent without leave from Fort Campbell, Kentucky, on October 1, 1966, and voluntarily reported to Fort Bliss, Texas, on November 2, 1966. He left the latter base on November 5, 1966, and was, as noted above, confined in the post stockade at Fort Huachuca, Arizona, on November 7, 1966. While at Fort Campbell he was listed as "Attached Personnel" and was dropped from the rolls of his unit as a deserter on October 30, 1966. While at Fort Bliss he was picked up on their roster, "assigned" to the 1st Special Processing Detachment, and dropped from the rolls as a deserter when he left without proper authority. Inasmuch as "Attached Personnel" may not be dropped from the rolls as a deserter,[2] only "Assigned Personnel" may be so designated, Goode was not legally on the rolls at Fort Bliss. It was necessary, therefore, according to the prosecution, to correct the records at each station and to receive corrected copies of the morning reports before charges could be served. A total of eighty-six days elapsed before this was accomplished. Trial was held thirty-four days later. It was on the basis of this data and the argument of counsel, which furnished no new facts or additional explanation, that the law officer made his decision, for he called no witnesses and asked no questions about these lapses of time.

In the main, appellate defense counsel allege that the stipulated chronology reflected several lengthy and unexplained delays—as well as requests by the accused that cannot be construed as other than requests for counsel—for which the law officer should have sought explanation from the Government, and his failure to do so was an abuse of that discretion granted to him to make certain rulings.

The area of discretion is wide and we will not substitute our judgment as to what should have been done at the trial unless it appears the ruling was manifestly unreasonable or arbitrary. "Each ruling alleged to be erroneous must be 'separately analyzed,'

[2] Paragraph 21c, AR 630–10.

according to the 'issues, facts, and circumstances' of the case." United States v Freeman, 15 USCMA 126, 129, 35 CMR 98. In the case at bar the law officer's only concern was the application of Articles 10 and 33 of the Code, supra. These codal provisions assure one who is placed in arrest or confinement prior to trial that "immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him." (Article 10, supra.) If within eight days thereafter it is not practicable to forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction, the commanding officer "shall report in writing to that officer the reasons for delay." (Article 33 of the Code, supra.) Failure to comply with these Articles of the Code is punishable under Article 98[3] of the Code, supra. For further discussion of this issue see United States v Hounshell, 7 USCMA 3, 21 CMR 129; United States v Schalck, 14 USCMA 371, 34 CMR 151; United States v Parish, 17 USCMA 411, 38 CMR 209. See also United States v Williams, 16 USCMA 589, 37 CMR 209.

It should have been at once apparent to the law officer from the chronology, that the accused was not immediately informed of the charges against him nor was he released from confinement. Similarly, since no written explanation for the delay (beyond eight days) in forwarding charges was proffered by the Government, it would not have been unreasonable for him to assume that none was made. The only justification presented to the law officer was that the records at Fort Campbell had originally been improperly prepared by the authorities there and the elapsed time was necessary to correct them. This was hardly in keeping with the spirit of the law, much less the letter.

In addition, the law officer was aware of accused's request to consult with counsel, twenty-five days after incarceration, and of his inquiry of the chaplain, some forty-four days thereafter. In each instance he received excuses, not action. No explanation was requested or given for the continued delay or why the Judge Advocate General's Corps officer did nothing more than contact the personnel office. It was only after the accused escaped from confinement,[4] and again requested counsel, that charges were prepared and then not for an additional thirteen days. Thirty-seven more days passed before trial.

An accused is entitled to a fair hearing in which all of the underlying factual issues are actually and reliably determined. United States v Schalck, supra. The responsibility therefore rests upon the law officer. United States v Jackson, 3 USCMA 646, 14 CMR 64. Under the facts of this case we do not believe the law officer adequately fulfilled his responsibility.

We hold, therefore, that the law officer abused his discretion in summarily denying accused's motion to dismiss for lack of speedy trial.

Left for determination is the disposition we should make of this case. A plea of guilty does not deprive an accused of the protection afforded to him by Articles 10 and 33 of the Code, supra. United States v Tibbs, 15 USCMA 350, 35 CMR 322; United States v Williams, United States v Schalck, United States v Parish, all supra. Since trial counsel tacitly admitted the Government could produce no further

---

[3] "Art. 98. **Noncompliance with procedural rules.** Any person subject to this chapter who—

(1) is responsible for unnecessary delay in the disposition of any case of a person accused of an offense under this chapter; or

(2) knowingly and intentionally fails to enforce or comply with any provision of this chapter regulating the proceedings before, during, or after trial of an accused;

shall be punished as a court-martial may direct."

[4] In mitigation, he asserted he escaped because he thought "I would rot in the stockade, and that I had been forgotten." Cf. United States v Williams, 16 USCMA 589, 37 CMR 209.

evidence on this matter when he stated, before the law officer, that the stipulated chronology "adequately explain[ed] why the delay occurred," it appears that the only appropriate remedy is a dismissal of the charge of absence without leave for lack of speedy trial. United States v Parish, United States v Williams, both supra.

The decision of the board of review affirming the conviction of absence without leave is reversed. The record of trial is returned to the Judge Advocate General of the Army. The board of review may reassess the sentence on the basis of the remaining conviction for escape from lawful confinement or a rehearing on sentence may be ordered.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.