UNITED STATES, Appellee,

v.

Specialist Four Daniel R. FIRMIN, SSN 219–70–8561, United States Army, Appellant.

CM 437879.

U. S. Army Court of Military Review.

30 Oct. 1979.

Captain Charles E. Trant, JAGC, argued the cause for appellant. With him on the brief were Major Benjamin A. Sims, JAGC, and Captain Maurice D. Healy, JAGC.

Captain Harry J. Gruchala, JAGC, argued the cause for appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Consistent with his plea, appellant was convicted by general court-martial of absence without leave and wrongful possession of heroin in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934. His approved sentence consisted of a bad-conduct discharge, confinement at hard labor for nine months and forfeiture of all pay and allowances for nine months.

The appellant assigns two errors as requiring this Court to take corrective action: viz, "the court-martial was improperly constituted under Article 25, UCMJ, 10 U.S.C. § 825, and Sixth Amendment, United States Constitution" and "appellant's court-martial was rendered jurisdictionally defective by [the] failure of the convening authority to personally select and detail the panel members."

We observe at the outset that, even were we to find the appellant's first assignment to be otherwise meritorious, his requested relief of having the charges and specifications dismissed would not be appropriate. Essentially, he argues that, because of defects in the appointment process, the court-martial that tried him had no jurisdiction to hear his case. If this were so, the proceedings would be a nullity and, while the findings and sentence should then be set aside, the charges and specifications need not be dismissed.

A brief recitation of the pertinent facts is helpful to the resolution of both assignments of error. A message was sent from the office of the staff judge advocate of this jurisdiction to various subordinate commands requesting the names of nominees for possible appointment as members of courts-martial convened in the jurisdiction. It specified that "Nominees would (sic) include a full range of ranks in approximately equal proportion from 0–6 to 0–2 and W.O. Commanders should be included as nominees. Enlisted nominees should be from E–9 to E–6."

The responses were consolidated into two separate nomination lists (officers and enlisted) for each of two major geographical areas (Kaiserslautern and Mannheim) wherein jurisdiction was exercised by this command.[1] The lists were submitted to the

---

1. One list in fact included the name of one second lieutenant (an 0–1). We decline to interpret the inclusion of a single 0–1, without more, as reflecting an abandonment of the restrictive criteria contained in the message request for nominees.

convening authority who used them on 29 August 1978 to select the members of a general court-martial for each of the two areas. At the same time, the convening authority designated for each of the courts enlisted members to be added and officers to be excused when an accused requested that enlisted members serve. Organizations exercising special court-martial authority within the geographical jurisdiction of the general court-martial convening authority were aligned by area (Kaiserslautern and Mannheim) for the trial of cases arising out of those organizations.

On 3 November 1978, the convening authority referred the appellant's charges and specifications to trial by general court-martial and directed that the court be composed of "those [members] selected 29 August 1978." Pursuant to the appellant's written request for enlisted membership on his court, five enlisted members were added and five officers removed by order of 8 December 1978 in accordance with the 29 August designations. On 14 December 1978, the convening authority substituted a captain and an E–5 for another captain and an E–7.

In connection with a defense motion, the senior clerk in the Criminal Law Division, Office of the Staff Judge Advocate, described the initial selection process as set out above. He went on to state, however, that the "additional" members (presumably the 14 December substitutes) for appellant's court were appointed by the convening authority pursuant to a different selection procedure initiated by a new staff judge advocate for the command. Under this new procedure, the convening authority would make his selection of members from a field that would include *all* ranks, E–1 through E–9, 0–1 through 0–6 and all warrant officers.

The appellant does not challenge the codal qualifications of the court members actually selected.[2] He merely questions whether it was the convening authority or someone else who assigned his case to be tried by the Kaiserslautern court; and he questions the initial policy of the systematic and deliberate exclusion of qualified potential members in the grade 0–1 and E–5 through E–1. Without doubt, the new command policy met all requirements on this latter point.

I

■ We are fully satisfied that, when the convening authority referred appellant's case for trial by a general court-martial constituted of members "selected 29 August 1978", he unmistakably intended that it be tried by the Kaiserslautern court, under which appellant's organization was aligned. The subsequent administrative steps that culminated in the notation within the 1st Indorsement of the Charge Sheet reflecting referral to this court were totally consistent with this direction of the convening authority. Accordingly, we find no merit to the assertion that the convening authority failed to personally select and detail the panel members.

II

In connection with the second assignment of error, the appellant argues that the "blanket exclusion of second lieutenants or low-ranking enlisted personnel from consideration as court members is improper", citing *United States v. Daigle*, 1 M.J. 139 (C.M.A.1975), and *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970).

■ Preliminarily, we observe that it is not improper for the convening authority to rely upon subordinates to nominate potential court members. *United States v. Kemp*, 22 U.S.C.M.A. 152, 46 C.M.R. 152 (1973). Likewise, it is not improper for a convening authority in his selection process to look *first* to officer and enlisted personnel of senior rank because they are more likely to be best qualified by reason of age, education, training, experience, length of service and judicial temperament. *United States v. Yager*, 7 M.J. 171 (C.M.A.1979); *United States v. Ross*, 15 U.S.C.M.A. 64, 35 C.M.R. 36 (1964); *United States v. Mitchell*,

---

**2.** *See* Article 25, Uniform Code of Military Justice.

15 U.S.C.M.A. 59, 35 C.M.R. 31 (1964); *United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964). However, where the criteria for selection is based *solely* on rank and the consideration of potential court members both begins and ends with senior personnel to the deliberate and systematic exclusion of other qualified personnel, the process is flawed. *United States v. Daigle, supra; United States v. Greene, supra.*

 Turning to the facts of this case, the message to subordinate commands requesting the names of nominees clearly manifested the deliberate and systematic exclusion condemned by *Daigle* and *Greene*. There is uncontroverted testimony, however, that, prior to the assembly of this court, the command had adopted a new selection policy that excluded no potential members by virtue of rank (except, presumably, exclusions mandated by Article 25(d)(1), UCMJ). The convening authority's substitution of the E–5 for the E–7 on appellant's court demonstrates the application of this policy in the appellant's case.

There remains the question of whether the convening authority was required to withdraw all referred charges in all cases pending trial, reinstitute the nomination and selection process, and re-refer charges for trial by new courts in order to cure the flaw growing out of the prior impermissible procedure. We think not.

The nature of the harm initially visited upon appellant was the deliberate and systematic exclusion of junior ranking personnel from consideration for membership. The members previously selected were fully qualified under Article 25, UCMJ, to serve on appellant's court. The convening authority was authorized to change the composition of the court at any time prior to assembly. Paragraph 37a, Manual for Courts-Martial, United States, 1969 (Revised edition). Thus, the final array of members remained in a state of flux up to assembly. The convening authority in this case chose to directly address the initial flaw by introducing a more junior enlisted member to appellant's court. At the time of that action, because he could have added

and removed others wholesale but did not do so, he necessarily placed his imprimatuer on that array of members after minor changes. Accordingly, had he withdrawn the case and gone through a reselection, reappointment and re-referral process, it is most likely that he would have selected the precise membership that finally sat on appellant's court without that process. A more clear case of form over substance could scarcely be imagined. We hold that his direct approach to the problem was not error.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge CLAUSE concur.