UNITED STATES, Appellee,

v.

Private (E–2) Kevin THOMAS, SSN
287–54–2667, United States
Army, Appellant.

CM 438227.

U. S. Army Court of Military Review.

18 Dec. 1979.

Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Stephen D. Smith, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

**662**

## OPINION OF THE COURT

FULTON, Senior Judge:

In a trial by general court-martial, the appellant was convicted of violating Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1976), by forcibly raping a service-woman in her barracks room. Following announcement of the findings of guilty, near the end of the second day of the trial, appellant made an unsworn statement to the court in extenuation and mitigation.

In the brief statement, made under questioning by counsel, appellant referred to a number of personal tragedies: His parents had died in an automobile accident when he was four years old. He was raised by a grandmother, whose leg was amputated in September 1978. In January 1979, while appellant was on emergency leave in connection with the death of his illegitimate, infant daughter from alleged child abuse, his aunt and uncle died within a few days of each other. Upon completion of the unsworn statement, appellant arose to return to the counsel table. He then produced a razor blade and inflicted a superficial cut on one of his wrists.

Medical attendants arrived and bandaged the wrist and saw no need for further treatment. The appellant, however, elected to forgo attendance during the remaining portion of the trial (consisting of arguments, instructions, and deliberation on the sentence). The trial defense counsel then moved "for a continuance in this case for the purpose of obtaining a pre-sentence report as to the mental status" of the appellant.

The military judge denied the motion. Of the appellant, he said, "He may be mentally upset, as I suspect most people who are convicted of a serious offense would be [,] and who had been laboring under the burdens that he has testified to." Moreover, the judge added, "I have seen nothing in the accused's behavior that would indicate that he was not fully capable of understanding the . . . [nature of the proceedings]." Although questioned by the military judge, the trial defense counsel indicated no reason to believe that appellant was unable to participate in his defense. The presentencing proceedings resumed.*

The issue framed for our consideration on appeal is whether the military judge erred to the prejudice of the appellant by denying the requested continuance. The appellant requests that we order a sanity board inquiry into his mental capacity at the time of trial. We are also urged to order a rehearing on the sentence because under the circumstances the appellant's absence from the proceedings should not be considered to have been voluntary. We hold that the military judge did not err, either in denying the continuance or in proceeding to sentencing with appellant absent.

█ Aberrational conduct is not necessarily indicative of insanity. *United States v. Riege*, 5 M.J. 938, 942 (N.C.M.R.1978); *United States v. McMahon*, 4 M.J. 648, 650 (A.F.C.M.R.1977). Still, evidence that may not be sufficient to place an accused's sanity in issue may nevertheless justify granting a motion to inquire during the trial into his sanity. *See* Department of the Army Pamphlet 27–173, Military Justice: Trial Procedure, par. 15–11b at p. 15–9 (25 April 1978).

█ The question to be resolved is whether the military judge abused his discretion by denying the continuance. *United States v. Schick*, 7 U.S.C.M.A. 419, 424, 22 C.M.R. 209, 214 (1956); *see also United States v. Frye*, 8 U.S.C.M.A. 137, 141, 143, 23 C.M.R. 361, 365, 367 (1957) (opinions of Latimer and Ferguson, JJ.). "The fact that an opposite course from that followed . . . is reasonable in the circumstances, does not necessarily stamp the trial determination as error. . . . We cannot substitute our

---

* The military judge first questioned the court members to be certain that they would not be adversely influenced by the incident. The sentence adjudged, approved by the convening authority, included dishonorable discharge, confinement at hard labor for ten years, total forfeitures, and reduction to the grade of Private E-1.

judgment as to what should have been done at the trial, unless it appears the ruling was manifestly unreasonable or arbitrary. . . . Each ruling alleged to be erroneous must be 'separately analyzed,' according to the 'issues, facts, and circumstances' of the case." *United States v. Freeman,* 15 U.S.C.M.A. 126, 128–29, 35 C.M.R. 98, 100–01 (1964).

Even in matters committed to his discretion, however, a trial judge's discretion is not unfettered. *See, e. g., United States v. Pringle,* 3 M.J. 308, 309 (C.M.A.1977). Thus the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 122a, commands the trial court to call for evidence on an accused's sanity whenever there is a "reasonable indication" that inquiry "is warranted in the interest of justice." *See United States v. Nix,* 15 U.S.C. M.A. 578, 582, 36 C.M.R. 76, 80 (1965) (applying "substantial basis" test of earlier Manual) (alternative holding).

■ When the military judge's ruling is analyzed in the light of the "issues, facts, and circumstances" of the case, this Court does not believe that the appellant's self-inflicted wound afforded any reasonable indication that he lacked mental capacity to understand the nature of the proceedings against him and to conduct or cooperate intelligently in his defense. No question was raised (nor is any asserted now) as to appellant's sanity at the time the offense was committed. The military judge had observed him testify early in the trial (on a motion challenging the in personam jurisdiction of the court because of concealment of his juvenile offender record at the time of enlistment). So far as the record of trial discloses, appellant participated intelligently in the decision to seek individual military counsel and to retain the services of detailed defense counsel as well, the decision to be tried by a court composed of members and to request enlisted members for the court, the decision to plead not guilty and to raise a defense of alibi, the decision not to testify on the merits, and the decision to offer unsworn testimony in extenuation and mitigation. Yet the trial defense counsel could offer no basis for questioning appellant's capacity to stand trial aside from the one demonstration. *Compare United States v. Borsella,* 11 U.S.C.M.A. 80, 28 C.M.R. 304 (1959) (apparent fishing expedition), *with United States v. Sudler,* 2 M.J. 558 (A.C.M. R.1976) (appellate court ordered sanity board by reason of trial defense counsel's claimed difficulty in communicating with accused), *review granted on other grounds,* 3 M.J. 113 (C.M.A.1977), *aff'd,* 6 M.J. 82 (C.M.A.1978).

■ Accordingly, we do not find the military judge's denial of the motion for continuance to have been manifestly unreasonable or arbitrary. As it does not appear "from the record or otherwise" that inquiry as to the mental condition of the appellant is warranted, we decline to cause such an inquiry on our own motion pursuant to paragraph 124, Manual for Courts-Martial, *supra. Cf. United States v. Sudler, supra.*

■ Neither have we been offered nor do we find any basis for questioning the voluntariness of appellant's decision, made in consultation with his counsel, to absent himself from the remainder of the trial.

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.