UNITED STATES

v.

**Airman First Class Johnnie E. TOWNSEND, FR 510–70–4279 United States Air Force.**

**ACM S25334.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 June 1981.

Decided 31 Dec. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain J. Laurens Tullock and Captain William G. Connelly, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted by a special court-martial, composed of both enlisted and officer members, of absence without leave, two failure to repair offenses and possession of marijuana

in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934.

At trial, the defense counsel requested a new court panel asserting that the existing panel had been selected in a manner which systematically excluded lower ranking enlisted members. Other than the appointing order, the defense counsel offered no evidence in support and the military judge denied the motion.* Appellate defense counsel now ask that the record of trial be returned for a limited hearing on the process for selection of court members. We disagree and affirm.

 We recognize that all ranks are eligible to serve on courts-martial when enlisted are requested except for the statutory exclusion of persons in a rank lower than the accused. *United States v. Greene*, 20 U.S.C.M.A. 232, 43 C.M.R. 72 (1970); *United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964). Hence, systematic exclusion based on rank is improper. *United States v. Daigle*, 1 M.J. 139 (C.M.A.1975); *United States v. Crawford, supra*. However, it is not improper for a convening authority, in his selection process, to look first to officers and enlisted personnel of senior rank because they are more likely to be best qualified by reason of age, education, training, experience, length of service, and judicial temperament, *United States v. Mitchell*, 15 U.S.C.M.A. 59, 35 C.M.R. 31 (1964); *United States v. Firmin*, 8 M.J. 595 (A.C.M.R.1979), *pet. denied*, 9 M.J. 5 (1980).

 The burden to establish an improper selection of court members rests on the accused. *See* Manual for Courts-Martial, 1969 (Rev.), paragraphs 57g(1) and 67e. As a general principle, it is proper to assume that a convening authority is aware of his duties, powers and responsibilities and that he performs them satisfactorily. *See United States v. Moschella*, 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971); *United States v. Price*, 7 M.J. 644 (A.C.M.R.1979);

*United States v. Baker*, 42 C.M.R. 370 (A.C. M.R.1970), *pet. denied*, 42 C.M.R. 355 (1970).

 Applying these principles, it is apparent that defense counsel did not present sufficient evidence to establish that improper criteria were relied upon in the appointment of court members or that lower ranking enlisted members were systematically excluded. The appointing order is not suspect, *per se*, simply because the three enlisted members included a Chief Master Sergeant and two Master Sergeants. *Compare United States v. Greene, supra* and *United States v. Crawford, supra*. Having failed to present evidence at trial to overcome the presumption of regularity, accused is not now entitled to an evidentiary hearing to pursue that claim.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

---

* After accused submitted a written request for enlisted members, the court-martial panel consisted of two Lieutenant Colonels, two Captains, a Chief Master Sergeant and two Master Sergeants. As finally constituted after challenges, the court consisted of a Captain and the two Master Sergeants.