UNITED STATES

v.

Staff Sergeant Richard M. McKINNEY,
United States Air Force.

ACM 35485.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 23 July 2002.

15 Aug. 2005.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, and Major Jennifer K. Martwick.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Robert V. Combs, Major Lane A. Thurgood, and Major Shannon J. Kennedy.

Before PRATT, ORR, and MOODY, Appellate Military Judges.

## OPINION OF THE COURT

MOODY, Senior Judge:

Before a general court-martial consisting of a panel of officer members, the appellant was convicted, contrary to his pleas, of one specification of damage to non-military property, one specification of larceny, and two specifications of communicating a threat in violation of Articles 109, 121, and 134, UCMJ, 10 U.S.C. §§ 909, 921, 934. He was convicted, in accordance with his pleas, of one specification of adultery in violation of Article 134, UCMJ, 10 U.S.C. § 934. The appellant was sentenced to a dishonorable discharge, confinement for 6 years, forfeiture of all pay and allowances, a fine of $30,000, to be further confined until such time as the fine was paid, but not more than one year, and reduction to E–1. The convening authority approved the adjudged sentence. However, the fine having not been paid within the proscribed time, a contingent confinement hearing was held. The appellant was found delinquent in his payment. The convening authority remitted the $30,000 fine and approved one additional year of confinement. *See* Rules for Courts–Martial (R.C.M.) 1003(b)(3) and 1113(d)(3).

The appellant has submitted six assignments of error: (1) The staff judge advocate (SJA) improperly excluded certain categories of officers for the convening authority's consideration as court members; (2) The court-martial lacked jurisdiction due to non-compliance with Article 25, UCMJ, 10 U.S.C. § 825; (3) The convictions for communication of a threat were neither legally nor factually sufficient; (4) The appellant was prejudiced by the admission of cumulative evidence; (5) The convictions for property damage and larceny were neither legally nor factually sufficient; and (6) The appellant's trial defense counsel was ineffective. The appellant submitted the last two assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). Finding no error, we affirm.

### Background

On 25 March 1999, a thief damaged a jewelry case at the Naval Exchange (NEX) at Pearl Harbor, Hawaii, making off with jewelry as well as with other items of property owned by the exchange or by vendors. An investigation identified the appellant as the thief. In charging the appellant, the government alleged that the total value of the property taken was approximately

$260,000. In addition to having taken property from the NEX, the appellant was found to have had an adulterous affair with the wife of another military member and to have communicated threats to two separate individuals.

Prior to referral, the SJA submitted pretrial advice to the convening authority in which he recommended that the appellant's case be referred to trial by general court-martial. In addition, the advice contained the following language:

If you decide to refer the case to a General Court–Martial, you are required to select the members of the panel. Article 25[,] UCMJ states, "The convening authority shall detail as members thereof such members of the armed forces as, in his opinion, are best qualified for the duty by reason of their age, education, training, experience, length of service, and judicial temperament." By law, you must select at least five officers. Although you may select a minimum of five members to serve on this court-martial panel, I recommend that you select 12 officers—3 Cols [Colonels], 2 or 3 Lt Cols [Lieutenant Colonels], 3 or 4 Majors, and 3 or 4 company grade officers[.] Because both the United States and defense counsel have opportunities to challenge the members for cause and can each eliminate one officer peremptorily (i.e., for no reason at all), the above configuration will yield a balanced and diverse court-martial panel that will provide a sufficient number of officers ... At Tab 2 is a listing of officers assigned to Hickam AFB [Air Force Base]. You may select any of these officers as court members. *Additionally I have eliminated all officers who would likely be challenged if selected as court members (i.e., JAGs [Judge Advocates], chaplains, IGs [Inspectors General] or officers in the accused's unit).*

(Emphasis added.)

### Court Member Selection

■ Court stacking is a form of unlawful command influence which we review de novo. *United States v. Upshaw,* 49 M.J. 111, 113 (C.A.A.F.1998); *United States v. Lewis,* 46 M.J. 338, 341 (C.A.A.F.1997). "To raise

the issue, the defense must (1) show facts which, if true, constitute unlawful command influence; (2) show that the proceedings were unfair; and (3) show that unlawful command influence was the cause of the unfairness." *United States v. Biagase,* 50 M.J. 143, 150 (C.A.A.F.1999) (citing *United States v. Stombaugh,* 40 M.J. 208, 213 (C.M.A. 1994)). *See also United States v. Levite,* 25 M.J. 334, 341 (C.M.A.1987). "An element of unlawful court stacking is improper motive. Thus, where the convening authority's motive is benign, systematic inclusion or exclusion may not be improper." *Upshaw,* 49 M.J. at 113. In raising the issue of court stacking, "more than mere allegation or speculation is required." *United States v. Brocks,* 55 M.J. 614, 616 (A.F.Ct.Crim.App.2001) (citing *Biagase,* 50 M.J. at 150), *aff'd,* 58 M.J. 11 (C.A.A.F.2002) (mem.). *See also United States v. Johnston,* 39 M.J. 242, 244 (C.M.A. 1994).

■ In the present case, the appellant contends that by excluding JAGs, chaplains, IGs, and members from his own unit, the SJA and thus, the convening authority, raised doubts about the fairness of the panel selection process, which doubts should be resolved in the appellant's favor. In applying the *Biagase* criteria, however, this Court finds no basis to conclude that unlawful command influence actually occurred.

Considering the record as a whole, with particular attention to the pretrial advice, we find no basis to infer an improper motive by the SJA or the convening authority. The excluded officers are those whose presence on a panel might itself raise questions about the fairness and impartiality of the proceeding. *See United States v. Hedges,* 29 C.M.R. 458, 459, 1960 WL 4531 (C.M.A.1960) (selection of lawyers and IGs as panel members creates "the appearance of a hand-picked court."). *See also United States v. Sears,* 20 C.M.R. 377, 381, 1956 WL 4529 (C.M.A.1956) (recognizing the "obvious dangers" of an attorney acting as a court member); *Brocks,* 55 M.J. at 614 (upholding the exclusion of members from the accused's own unit). Even viewed in the light most favorable to the appellant, the SJA's stated intention of avoiding challenges for cause was undoubtedly

directed toward protecting the quorum rather than driving a particular result.

We recognize that, with the exception of chaplains,[1] none of these officials are per se excluded from court member service. *See* R.C.M. 912(f)(1) (lists personnel who "shall be excused" from service). Therefore, we do not endorse the SJA's pretrial advice. To the contrary, the convening authority should give appropriate consideration to all categories of members who may legitimately be assigned court-martial duty. Nevertheless, we conclude that the SJA and convening authority acted to promote trial efficiency and "to protect the fairness of the court-martial, not to improperly influence it." *Brocks*, 55 M.J. at 617. We conclude that the first criterion set forth in *Biagase* is not satisfied.

Even if one assumes arguendo that unlawful command influence occurred, the record and appellate filings provide no basis to conclude that the proceedings were unfair. We have paid particular attention to the members' answers during voir dire, to the questions they asked of witnesses, and to their findings, which included an acquittal on a specification of housing allowance fraud. Nothing suggests they approached their duties with anything but an open mind or that they conducted themselves in any way as to impugn their impartiality. Furthermore, trial defense counsel did not object to the court member selection process, vitiating any suggestion that the proceedings were burdened by the appearance of unfairness. Therefore, we conclude that the second and third *Biagase* criteria are also not fulfilled. We are satisfied beyond a reasonable doubt that there was no unlawful command influence and hold that the convening authority committed no error in this regard.

### Jurisdiction

This Court reviews questions of jurisdiction de novo. *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F.2000). The appellant argues that by supplying the convening authority with only a listing of officers assigned to Hickam AFB (commonly referred to as an alpha roster), the SJA did not provide the convening authority with enough information from which to make member selections that complied with Article 25, UCMJ, which, in turn, robbed the court-martial of jurisdiction.

■ Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2) provides that "[w]hen convening a court martial, the convening authority shall detail as members thereof such members of the armed forces as, in his opinion, are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament." *See also* R.C.M. 502(a)(1). The composition of court members is a jurisdictional element in a court-martial. *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A.1978); *United States v. Gaspard*, 35 M.J. 678, 681 (A.C.M.R.1992). *See also* R.C.M. 201(b)(2) ("[F]or a court martial to have jurisdiction ... [t]he court-martial must be composed in accordance with the rules with respect to number and qualifications of its personnel.").

■ As stated above, the appellant contends that the information contained in the alpha roster, standing alone, is insufficient to permit the convening authority to make informed decisions as to the qualifications of court members. From this assertion, the appellant concludes that "the convening authority did not choose the members based on the criteria enumerated in R.C.M. 502(a)(1) and Article 25(d)(2)."

Our review of the record and appellate filings provides no basis for drawing that conclusion. As stated in the discussion of the first assignment of error above, we have paid particular attention to the voir dire as it was conducted and to the conduct of the members throughout the trial. We find nothing to suggest that any of them lacked the requisite qualifications. Indeed, convening authorities are often wing commanders, as was the case here. Part of their responsibilities is to be aware of the qualifications of the officers serving under them. In addition, they have ample means of ascertaining the fitness for court membership of members assigned to tenant units. While the record is silent as to what precise information the convening authority may have had at his disposal when he

---

1. *See* Air Force Instruction (AFI) 52–101, *Planning and Organizing*, ¶ 2.1.7 (1 May 1999).

selected members for this court-martial, there is no reason to believe that he contravened Article 25, UCMJ. "As a general principle, it is proper to assume that a convening authority is aware of his duties, powers and responsibilities and that he performs them satisfactorily." *United States v. Townsend,* 12 M.J. 861, 862 (A.F.C.M.R.1981).

 The appellant contends that the convening authority should have been given court member data sheets prior to his selection of court members. Information contained in these sheets is often referred to as *Credit* data, after *United States v. Credit,* 2 M.J. 631 (A.F.C.M.R.1976), *rev'd on other grounds,* 4 M.J. 118 (C.M.A.1977). However, *Credit* evaluated what sort of personal data on court members may be made available *to the defense* as a form of discovery. *See United States v. Anderson,* 36 M.J. 963, 974 n. 22 (A.F.C.M.R.1993), *aff'd,* 39 M.J. 431 (C.M.A.1994) (mem.). While there is no prohibition against providing this information to the convening authority, we conclude that failure to do so does not invoke the specter of jurisdictional defect.

The record provides no basis to infer that the convening authority selected court members who did not possess the requisite qualifications. The fact that the trial defense counsel did not object to the member selection process supports this conclusion. We hold that the convening authority's selection of court members did not deprive the court-martial of jurisdiction.

We have considered the remaining assignments of error and find them to be without merit. *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A.1987).

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.