UNITED STATES, Appellee,

v.

Michael D. PORTER, Specialist Four,
U.S. Army, Appellant.

No. 45555.
CM 442175.

U.S. Court of Military Appeals.

April 9, 1984.

For Appellant: *Colonel William G. Eckhardt, Captain Michael T. Kelly, Captain John Lukjanowicz* (on brief); *Major Robert C. Rhodes* and *Captain Frank J. DiGiammarino.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Andrew D. Stewart, Captain Richard J. Fadgen* (on brief); *Major Michael R. Smythers.*

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, the accused was convicted by a general court-martial composed of both officer and enlisted members of assault consummated by a battery, and two specifications of robbery, in violation of Articles 128 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 922, respectively. The adjudged and approved sentence extends to a dishonorable dis-

charge, confinement at hard labor for 5 years, forfeiture of all pay and allowances, and reduction to pay grade E–1. The Court of Military Review affirmed with a memorandum opinion.

We granted the accused's petition for review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION, TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT, BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE AGAINST LIEUTENANT COLONEL STEELE.

Finding that there was no abuse of discretion, we affirm.

During the *voir dire* of Lieutenant Colonel Steele, the following dialogue occurred:

MJ: Let the record reflect that all the members, except for Colonel Steele, have left the room.

DC: Colonel Steele, of course, these questions that I ask you are important questions, but they have no reflection upon my view of you being neutral in this proceeding. Do you understand that?

MBR (LTC STEELE): Yes.

DC: Your knowing Captain Franke [the trial counsel] in terms of running with him, is that the extent of your personal acquaintance?

MBR (LTC STEELE): Yes, I would say so.

DC: So, you do not consider yourself to be a close friend of Captain Franke, other than in that respect?

MBR (LTC STEELE): I would consider him a friend, yes, but not—I don't see him, you know, we go on Volks Marches and running, that's the extent.

DC: Would your knowing him and being a friend to him interfere with your judging this proceeding, the facts which will be entered and considering the evidence?

MBR (LTC STEELE): Certainly not.

DC: No further questions.

ATC: Asked another way, sir, then the fact that you know Captain Franke and have run with him, things like that, it will not impinge upon your impartiality in this trial? You feel confident that you'll be capable to give Specialist Porter a fair hearing here today?

MBR (LTC STEELE): Yes.

ATC: Thank you, sir, I have no further questions.

MJ: Do you wish—

DC: Yes, Your Honor. I think you answered affirmatively, when I asked the question of whether or not you'd been a victim of a robbery?

MBR (LTC STEELE): No, a larceny.

DC: A larceny, okay. Would you just relate the facts of that, please, briefly?

MBR (LTC STEELE): I just had my suitcase—someone took some money out of my suitcase. It was my fault.

DC: Do you feel that that experience which you underwent would have any effect whatsoever on your sitting, hearing the evidence that is presented today and interfering with your being impartial in the sentencing or the verdict?

MBR (LTC STEELE): In no way.

DC: How long ago was this incident?

MBR (LTC STEELE): As a matter of fact, it was yesterday.

DC: Yesterday?

MBR (LTC STEELE): Yes.

DC: If you [don't] mind, may I ask, what was the property stolen?

MBR (LTC STEELE): About 85 Marks—it was in dollars. My suitcase was lost and when it finally arrived, the money was gone, with the 85 Marks.

DC: Thank you, no further questions.

ATC: No further questions, Your Honor.

\* \* \* \* \* \*

MJ: Any challenges for cause?

DC: Yes, Your Honor, we would challenge for cause, Colonel Steele, based upon the fact that just recently he'd been the victim of a larceny, property stolen from him only yesterday. We think that this would have some impact—an impact on his considering the

evidence here today as well as the fact that he stated that he has some type of personal relationship with Captain Franke who is the trial counsel here, as he is—Captain Franke is his trial counsel responsible for his squadron and he consults with him, of course, concerning his cases. They have met in Volksmarches and all of that.

MJ: Well, can you point to anything that would indicate Colonel Steele's bias in favor of the government or against the accused as a result of one, an acquaintance with Captain Franke and his recent personal experience?

DC: Well, Your Honor, other than for those two things and the fact that we think because of [the] nature of the Charges here, in dealing with the robbery and dealing with the assault and the larceny, which would be lesser included, those factors are sufficient enough to—

MJ: But Colonel Steele said that wouldn't affect his ability to sit—

DC: Yes, your Honor, that statement, I think, we shouldn't have expected any more, I suppose from a member of the court, of course, they are professional. But I think even consciously, we feel that he will not have any—this will not have an adverse impact on him subconsciously and I think it is for cause to challenge him.

MJ: The challenge is overruled. There has been no basis shown for such a challenge.

    \*    \*    \*    \*    \*    \*

DC: Peremptory challenge Colonel Steele.

Appellate defense counsel concede that neither the professional acquaintanceship with the trial counsel nor the fact that the two were running associates would constitute a *per se* ground for challenge, nor would the fact that LTC Steele recently had been the victim of a larceny automatically result in his excusal for cause. However, they contend that the two factors, in combination, would "prompt a synergistic reaction from LTC Steele in favor of the government" in spite of his protestations to the contrary. Thus, they ask that we hold that this alleged implied bias should have provided grounds to sustain the challenge against him. We disagree.

■ As we said in *United States v. Davenport,* 17 M.J. 242 (C.M.A.1984):

What we have sought to guard against is a member who harbors such bias toward the crime that he, based upon the facts as they develop and the law as it is given by the military judge, cannot put his personal prejudices aside in order to arrive at a fair sentence for the accused.

*Id.* at 244.

■ The determination of whether or not to grant a challenge for cause is left to the military judge, and his decision will be tested by the touchstone of abuse of discretion. *United States v. Davenport, supra; United States v. Tippit,* 9 M.J. 106 (C.M.A.1980). In reviewing his decision, we find the holding of the Supreme Court in *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982), to be apposite:

[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation. Were that the rule, few trials would be constitutionally acceptable. The safeguards of juror impartiality, such as *voir dire* and protective instructions from the trial judge, are not infallible; it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.

■ In this case, the assertions against LTC Steele are not of such significance that his positive assurances that they would not affect his impartiality did not suffice to remove any aspect of bias. Indeed, his experiences are of a nature that they might have been experienced by a significant element of the military population (and poten-

tial court members). Under such circumstances, we do not choose to extend the concept of implied bias here.

██ We do not mean to foreclose entirely the concept of implied bias. *See United States v. Harris,* 13 M.J. 288 (C.M.A.1982). However, we prefer to reserve the application of that doctrine to those situations where there are implications of fifth or sixth amendment violations. *See Smith v. Phillips, supra* 455 U.S. at 223, 102 S.Ct. at 949 (O'Connor, J., concurring). However, this is not such a case.

The decision of the United States Army Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

In my dissenting opinion in *United States v. Mason,* 16 M.J. 455, 457 (C.M.A.1983), I stated my view that in the military trial arena, "grounds for challenges for cause should be liberally construed." I went on to indicate in some detail how this might be reconciled, as a practical matter, with realities of military justice practice. Indeed, I noted in *Mason* that the Manual exhorts military judges to "be liberal in passing on challenges." Para. 62*h*(2), Manual for Courts-Martial, United States, 1969 (Revised edition). In this case, though, I agree with Judge Cook that the situation is not one in which the military judge abused his discretion in denying the challenge.

Concerning Judge Fletcher's "reject[ion of] the lead opinion's indiscriminate analogy to civilian challenge practice," 17 M.J. 380, I believe reference to the Supreme Court's opinion in *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), is entirely appropriate where, as here, the challenge did not involve grounds unique to the military community, such as command influence or a military relationship with witnesses or victims. *See United States v. Mason, supra.*

FLETCHER, Judge (concurring in the result):

It is a long-standing tradition in our military law that challenges for cause be liberally granted at courts-martial. *See* para. 62 *h*(2), Manual for Courts-Martial, United States, 1969 (Revised edition); W. Winthrop, *Military Law and Precedents* 212–13 (2d ed. 1920 Reprint); W. DeHart, *Observations on Military Law, and the Constitution and Practice of Courts-Martial* 115–16, 125–27 (1846). This practice is eminently reasonable, especially in view of the limited availability of peremptory challenges at courts-martial. *See United States v. Holley,* 17 M.J. 361 (C.M.A.1984). Therefore, I expressly reject the lead opinion's indiscriminate analogy to civilian challenge practice and its encouragement of a more parsimonious approach by trial judges to challenges for cause at courts-martial. I would affirm this case based on my opinion in *United States v. Harris,* 13 M.J. 288 (C.M.A.1982).