UNITED STATES, Appellee,

v.

Private E-2 Bruce CUNNINGHAM, 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, United States Army, Appellant.

CM 446887.

U.S. Army Court of Military Review.

31 October 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain H. Alan Pell, JAGC, Captain Claudio F. Gnocchi, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gra-

velle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by general court-martial composed of officers for burglary and attempted rape. Contrary to his pleas he was found guilty of indecent assault in violation of Article 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances and reduction to Private E-1.

Appellant contends that the court-martial lacked jurisdiction because the court was improperly selected, that the military judge improperly denied the appellant's challenges for cause, that the military judge erred to the substantial prejudice of the accused by failing to order a new Article 32, UCMJ, investigation, and that the sentence is too severe. We disagree.

### I.

### Selection of Court Members.

After receiving nominees for composition of a court-martial from the staff judge advocate, the convening authority indicated by notes on the officer nominee list that he wanted more commanders and senior warrant officers and at least one female from the Reception Station on the nomination list. He further indicated that he wanted a list of individuals who had previously been selected for court-martial duty so he could spread the duty among members of his command. The staff judge advocate obtained the additional nominees directly from the units, otherwise complied with the request, and submitted the list to the convening authority, with advice that he should detail members who were best qualified for duty by reason of age, education, training, experience, length of service and judicial temperament. See Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). The convening authority selected six commanders, three deputy commanders or executive officers and one warrant officer (one colonel, three lieutenant colonels, two majors, two captains and one first lieutenant).

At trial, appellant moved to dismiss the charges because of lack of jurisdiction due to improper court selection. The military judge denied the motion. The stipulated testimony of the convening authority indicates that duty assignment was a primary consideration in selecting court membership. He believed that commanders were most in touch with "what was going on" with soldiers and the command and most aware of the needs of soldiers as well as commands, that qualification for command and court membership had much in common, that commanders were more concerned with caring for soldiers than punishing them and that he tried to select the fairest court he could.

The acts of a convening authority in selection of court members are accorded a presumption of legality, regularity and good faith. United States v. Carman, 19 M.J. 932, 936 (A.C.M.R.1985). The burden of establishing an improper selection is on the appellant. United States v. Townsend, 12 M.J. 861, 862 (A.F.C.M.R.1981), pet. denied, 13 M.J. 389 (C.M.A.1982). A process where selection of court members is based solely on rank or other criteria resulting in systematic exclusion of qualified personnel is prohibited. United States v. Crawford, 35 C.M.R. 3 (C.M.A.1964). The intentional inclusion, however, of personnel based on race has been upheld. Id. at 13. Similarly, we see no error in cases where a convening authority insures that court membership contains women or those in leadership positions.

Examination of this case fails to show any systematic exclusion of personnel by rank or position. To the contrary, four of the members were not in command positions. Further, there is no evidence that the convening authority attempted "court

packing" as proscribed in *United States v. Hedges*,[1] 29 C.M.R. 458 (C.M.A.1960). The evidence affirmatively shows he was concerned with meeting the prescribed criterion for selecting members as provided by Article 25, UCMJ.

In *United States v. Carman*, 19 M.J. 932 at 936 (A.C.M.R.1985), we noted, concerning commanders, that,

[T]hose officers selected for highly competitive command positions in the Army have been chosen on the 'best qualified' basis by virtue of many significant attributes, including integrity, emotional stability, mature judgment, attention to detail, a high level of competence, demonstrated ability, firm commitment to the concept of professional excellence, and the potential to lead soldiers, especially in combat. These leadership qualities are totally compatible with the UCMJ's statutory requirements for selection as a court member.

We hold that the preference for and the intentional inclusion of those in leadership positions as court members did not invalidate the selection process. The appellant has failed to show any systematic exclusion of qualified personnel. Thus, the assignment of error is without merit.

## II.

### Denial of Appellant's Challenge for Cause.

After voir dire, the military judge denied four of six defense challenges for cause. One member stated it was difficult to divest himself from his position as a commander; yet, he indicated that he did not think his position as a commander would cause him to function any differently as a court member than if he occupied another duty position. He believed that, as a commander, he was more sensitive to the responsibilities of an officer to law, order and discipline than a staff officer because it was a day-to-day operation with him. In response to a confusing question concerning the military judge's instructions and

reasonable doubt, another member indicated that if he was convinced beyond a shadow of a doubt that a person was not guilty, that is the way he would vote. Upon clarification by the military judge, the member stated that he would follow the proper standard. Another member responded that it would be very difficult for him to consider a sentence of no punishment in a case of serious offenses where a male was convicted of inflicting violence on a female. Upon further inquiry, he stated that assuming a conviction, he would sentence the appellant upon facts presented at trial. The fourth member was challenged because he believed that the commander forwarded the charges because he determined that some offense had been committed. Upon further questioning by defense counsel, he stated that he would follow the military judge's instructions and acquit the appellant if he was not convinced of his guilt beyond a reasonable doubt.

■ The Court of Military Appeals has cautioned military judges to grant challenges liberally. *United States v. Miller*, 19 M.J. 159 (C.M.A.1985); *United States v. Porter*, 17 M.J. 377 (C.M.A.1984), (Everett, C.J., concurring); *United States v. Mason*, 16 M.J. 455 (C.M.A.1983), (Everett, C.J., dissenting). The test for determining the propriety of a challenge for cause is whether the prospective court member is mentally free to render an impartial finding and sentence based upon the law and the evidence presented. *United States v. McQueen*, 7 M.J. 281 (C.M.A.1979). Additionally, a military judge's ruling should not be disturbed on appeal absent an abuse of discretion. *United States v. Miller*, 19 M.J. at 163; *United States v. Porter*, 17 M.J. at 379. In this case we find that the military judge did not abuse his discretion in denying the challenges.

■ There is no requirement that a court member divest himself from his position as a commander since the requirements of a commander and court member are not inconsistent. Nor is it unreasonable for a

1. In *Hedges*, seven of nine members had primary law enforcement duty assignments.

court member to have difficulty considering a sentence of no punishment where an accused is on trial for serious offenses such as burglary and attempted rape. As noted, the court member further stated, assuming a conviction, that he would sentence the appellant based upon the facts presented at trial. Where a member will yield to the evidence presented, a mere predisposition to adjudge some punishment upon conviction is not, standing alone, sufficient for disqualification. *United States v. Tippit,* 9 M.J. 106 (C.M.A.1980). Finally, it is difficult to imagine a commander forwarding charges if he believed an offense was *not* committed.

■ We find that none of the four members challenged demonstrated an inelastic attitude or bias against the appellant during findings or sentencing which would require disqualification. *See United States v. Davenport,* 17 M.J. 242; *United States v. McGowan,* 7 M.J. 205 (C.M.A.1979).

### III.

### The Military Judge's Failure to Order a New Article 32 Investigation.

■ During the Article 32, UCMJ, investigation, trial defense counsel requested that, pursuant to Rule for Courts-Martial 405(h)(2), Manual for Courts-Martial, 1984, any objection to testimony, evidence, and procedures be noted for the record. Rule for Courts-Martial 405(h)(2), Manual for Courts-Martial, 1984, provides, "Any objection alleging failure to comply with this rule, except subsection (j) shall be made to the investigating officer promptly upon discovery of the alleged error. The investigating officer shall not be required to rule on any objection. An objection shall be

noted in the report of investigation if a party so requires. The investigating officer may require a party to file any objection in writing." In the instant case, the investigating officer agreed to note objections but failed to do so. At trial, defense counsel moved for a new report of investigation based upon the failure to note the objections. The military judge requested that counsel indicate objections which were prejudicial to the appellant and recessed the court to provide counsel an opportunity to review the record of the investigation for such objections. Subsequently, defense counsel was unable to provide any noted objections.[2] We find that the failure of the investigating officer to note the objections of defense counsel was error. However, only those errors which prejudice the appellant require reversal. *United States v. Payne,* 3 M.J. 354, 357 (C.M.A.1977). Upon examination of the record we conclude that this error did not prejudice the appellant and that the military judge properly denied the motion.

We have also considered the errors personally raised by the appellant and find them to be without merit. *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

Considering the entire record, the sentence is appropriate. The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.

---

**2.** The military judge gave the trial defense counsel a 10-minute recess to find one important objection which "... would make a difference whether the case would be referred to court or not, or to this level court" and stated "... that if you can't find one within ten minutes that's important, there probably isn't one...." When

the court was called to order 15 minutes later, the defense counsel stated that he was not able to present any at that time. Although 15 minutes was a short time to perform the requested task, he did not request more time to attempt to find a prejudicial objection, nor were such errors presented in any post-trial submissions.