UNITED STATES, Appellee,

v.

Specialist Four Archie L. JAMES, Jr., 497–74–2389, United States Army, Appellant.

ACMR 8600457.

U.S. Army Court of Military Review.

17 Aug. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before HOLDAWAY, KUCERA and De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a special court-martial composed of officer members. He

pled guilty to two specifications of failure to repair, but not guilty to wrongful distribution of marijuana, wrongful possession of marijuana and willful disobedience of an order of a commissioned officer. He was found guilty of all offenses and sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $426.00 pay per month for six months and reduction to Private E-1. The convening authority approved the sentence.

Appellant alleges that the convening authority erred by improperly excluding the selection of court-martial officer members below the rank of captain and warrant officer. We disagree.

Appellant further alleges that the charges and specifications to which appellant pled not guilty should be set aside and the sentence reassessed because trial counsel, in closing argument, commented on appellant's failure to testify. We also disagree with this allegation of error.

At trial, appellant moved to stay the proceedings due to improper selection of court-members. In support of his motion he provided court-martial convening orders for approximately one year, the period of time the convening authority had been in command. No second lieutenants, first lieutenants, or warrant officers appear as court members on any of the orders. The record of trial establishes that the convening authority was advised to personally select members pursuant to Article 25, Uniform Code of Military Justice,[1] was advised that neither rank, race, duty position, or any other factor could be used for the deliberate or systematic exclusion of membership, was provided a list of nominees consisting of all ranks of officers and warrant officers, and, in fact, selected lieutenants and warrant officers as alternate members. The military judge denied the motion finding that the evidence was contrary to the motion, that the convening authority had considered and selected lieutenants and warrants for positions as court members and that the sampling presented was too small to show systematic exclusion consid-

ering the convening authority had only been in command for approximately one year.

Subsequently, appellant entered pleas of guilty to the failure to repair offenses and pleas of not guilty to the remaining offenses. The military judge informed the court members of the guilty pleas prior to the beginning of the trial without discussing the matter with the parties. There was no objection by trial defense counsel.

Before findings, trial counsel argued,
We move to the serious charges. These are the drug charges. After all the smoke clears the facts are still there. Now, all we're dealing with here are dopers. You don't catch possums with roses; you catch'em with something that stinks. Okay? And it takes a doper to catch a doper. But you look at the evidence that's put forth today, *the uncontradicted evidence*. There was only one person in there when the deal went down, that's for sure, 'cause James wouldn't have it any other way, and he bolted everybody out of the room when that deal went down. Mitchell came in later, but that's after he's left. And Mitchell comes up and bangs on the door a couple of times. Gauntt (sic) says, "Who is it?" He's not gonna leave that dope laying on the bed when Mitchell comes in. He has no idea who it is out there. So he's restashed it over there in his bunk wherever he had it. It's not a big deal that Gauntt did not see where he got it. He's a big guy. He's standing at the bed. He coulda' had it under the bed cover or put it under the pillow, whatever. But you look at the facts. Gauntt corroborates Mitchell's story. Mitchell corroborates Gauntt. Gauntt and Clifford, Clifford and Gauntt, Mitchell and Clifford, Clifford and Mitchell. Everybody has come in here and said the same thing. They saw different parts of the transactions. They saw a lot of things go on in forty minutes and, in Mitchell's case, he talks a little bit afterwards, but they all jive together [emphasis added].

There was no objection by trial defense counsel and no specific instructions were

---

1. 10 U.S.C. § 825 (1982).

provided the court on the reference to uncontradicted evidence by the military judge.

## I.

### Selection of Court Members.

■ Selection of court members based solely on rank or other criteria resulting in systematic exclusion of qualified personnel is prohibited. *United States v. Crawford*, 35 C.M.R. 3 (C.M.A.1964). Thus, a fixed policy for excluding lieutenants and warrant officers from a list of nominees has been condemned. *United States v. Daigle*, 1 M.J. 139 (C.M.A.1975). A selection process which resulted in the impermissible exclusion of company grade officers has also been condemned. *United States v. Autrey*, 20 M.J. 912 (A.C.M.R.1985). The acts of a convening authority in the selection of court members are accorded a presumption of legality, regularity and good faith; and, the burden of establishing an improper selection is on the appellant. *United States v. Cunningham*, 21 M.J. 585 (A.C.M.R. 1985); *United States v. Carman*, 19 M.J. 932 (A.C.M.R.1985). In the case before us, we hold that appellant did not meet his burden of establishing an improper selection process, particularly in light of the fact that lieutenants and warrant officers were, in some cases, nominated and considered. Moreover, they were selected as alternates on some panels.[2]

## II.

### Trial Counsel's Argument.

■ With regard to the allegation that trial counsel commented on appellant's failure to testify, we are satisfied that such comment, under the circumstances of this case, did not constitute reversible error. It is clear that a comment on an accused's failure to testify is error. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). A comment on uncontradicted evidence has been held improper where the evidence is a conversation between two people, the witness and an ac-

cused. *United States v. Cazenave*, 28 C.M.R. 536, 543 (A.B.R.1959). The comment, however, must be naturally and necessarily taken by the court as a comment on the failure to testify. *United States v. Gordon*, 34 C.M.R. 94, 98 (C.M.A.1963). We note that trial defense counsel and the military judge apparently did not consider trial counsel's isolated remark as a comment on appellant's failure to testify, for counsel did not object and the military judge was not compelled to give a curative instruction immediately after the comment. We hold, therefore, that the comment by trial counsel was not naturally and necessarily taken by the court as a comment on appellant's failure to testify, and that it was not reversible error.

## III.

### Informing the Court of the Pleas of Guilty.

■ Although not alleged as error by the appellant, we believe it necessary to discuss the military judge's action of informing the court members of appellant's pleas of guilty at the outset of the trial. This practice was held to be error in *United States v. Rivera*, 23 M.J. 89 (C.M.A. 1986). Subsequently, in *United States v. Smith*, 23 M.J. 118, 121 (C.M.A.1986), it was held to be prejudicial error where it could not be concluded that the government evidence "was so overwhelming that the defense was no more than a whistle in the wind." In this case we find that the government's evidence was so overwhelming that the defense was a mere "whistle in the wind."

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Senior Judge KUCERA concur.

---

2. We caution convening authorities and their staff judge advocates that selecting lieutenants and warrant officers on an alternate member list may not avoid the rule prohibiting voluntary exclusion. They should ensure that personnel qualified under Article 25, Uniform Code of Military Justice, as interpreted by the courts, are not systematically excluded from consideration as court members.