# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DEQUES A. SMITH**
**United States Army, Appellant**

ARMY 20180156

Headquarters, Fort Carson
Tiernan P. Dolan, Military Judge
Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant: Captain Alexander N. Hess, JA (argued); Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Steven J. Dray, JA; Captain Alexander N. Hess, JA (on reply brief); Major Kyle C. Sprague, JA.

For Appellee: Captain Christopher K. Wills, JA (argued); Colonel Steven P. Haight, JA; Major Virginia Tinsley, JA; Major Joshua Banister, JA (on brief); Major Craig Schapira, JA.

20 November 2019

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted murder, one specification of aggravated assault, and two specifications of obstruction of justice, in violation of Articles 80, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 928, and 934 [UCMJ].[1] An enlisted panel then sentenced appellant to be discharged from

------

[1] After findings but before pre-sentencing proceedings, the military judge conditionally dismissed the specification of aggravated assault subject to the attempted murder specification surviving the completion of appellate review.

the service with a dishonorable discharge and confinement for twelve years. The convening authority approved the sentence as adjudged and credited appellant with 464 days against his sentence to confinement.

This case comes before us for review under Article 66, UCMJ. Appellant's sole assignment of error alleges that the convening authority improperly considered criteria not listed in Article 25, UCMJ, when selecting the panel members for appellant's sentencing hearing.[2] For the reasons set forth below, we disagree.[3]

## BACKGROUND

Appellant pleaded guilty and elected to be sentenced by a panel composed of officer and enlisted members. Neither the underlying facts nor the charges of which appellant was found guilty and sentenced are relevant to the resolution of the issue raised on appeal. Accordingly, we will focus on the facts surrounding the convening authority's selection of appellant's panel members.

Prior to entering his pleas, appellant filed a motion challenging the convening authority's selection of members for his sentencing hearing. After holding an Article 39(a), UCMJ, session, the military judge found that on 21 November 2017, the convening authority issued an annex to a standing order directing his subordinate commanders to nominate panel members for a new convening order. The annex to the order directed the subordinate commanders to nominate those best qualified "based upon their age, education, training, experience, length of service, and judicial temperament." Paragraph 3.e.(3) of the order further limited eligibility for nomination to those soldiers not scheduled to "PCS, ETS, retire, or be absent more than 30 days" prior to 1 October 2018. The last sentence of paragraph 3.e.(3) further advised the subordinate commands not to nominate soldiers "pending or possibly pending adverse action."

A signed memorandum, included as Appendix 1, accompanied the order. The memorandum emphasized the importance of serving as a panel member and restated the Article 25, UCMJ, selection criteria from the order. Paragraph 3 of the memorandum reiterated the order's guidance regarding availability and included the charge that those "pending possible disciplinary or adverse action" should not be nominated. The memorandum also directed that the applicable Officer Record Brief or Enlisted Record Brief accompany each nominee. Finally, in addition to by-name

---

[2] We heard oral argument on the Article 25, UCMJ, assignment of error on 19 September 2019.

[3] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

nominations, both the order and the appended memorandum directed subordinate units to submit their entire alpha roster[4] to the convening authority for use in panel selection. The nominating units were directed to indicate on their alpha rosters those soldiers who did not meet the eligibility requirements established by the convening authority.

The subordinate units submitted several hundred by-name nominations to the convening authority. Those names were compiled onto a spreadsheet which was printed out and presented to the convening authority to facilitate his personal selection. He was also provided the combined alpha rosters on a compact disk.

Despite the convening authority's guidance, some units did not comply with the instructions provided by the convening authority in the order and accompanying memorandum. Annotations accompanying the name of one nominee indicated that he was "flagged for investigation," while that of another indicated he was "flagged legal." Additionally, the notes accompanying numerous other nominees reflect that they were nominated despite being "known loss(es)" or "on assignment." The notes accompanying four other nominees reflected that they had each received a General Officer Memorandum of Reprimand at some point prior to their nomination.

Ultimately, the convening authority selected all the members of appellant's panel from the spreadsheet of nominees. He did not consult the combined alpha roster, although it was available. None of the nominees with annotations reflecting either pending adverse action, or completed adverse action, were selected for appellant's panel.

In his pretrial motion, appellant argued that pending possible adverse actions, as well as completed adverse actions, were improper criteria under Article 25, UCMJ, resulting in the exclusion of otherwise qualified members. However, the military judge ruled that it was appropriate for the convening authority to consider completed adverse action in selecting members because the adverse action was reflective of a nominee's "experience" under Article 25, UCMJ. He further found that the convening authority could consider pending potential adverse action based upon availability concerns related to the pending adverse action. We agree with the military judge, and discuss each consideration in turn.

---

[4] The convening authority directed each subordinate unit to "submit an alpha roster containing every Soldier in their jurisdiction . . . sorted by rank then alphabetically."

## LAW AND DISCUSSION

Whether there was an error in the panel selection is a question of law which is reviewed de novo. *United States v. Riesbeck*, 77 M.J. 154, 162 (C.A.A.F. 2018) (citing *United States v. Bartlett*, 66 M.J. 426, 427 (C.A.A.F. 2008)). We are bound by the military judge's findings of fact unless they are clearly erroneous. *United States v. Dowty*, 60 M.J. 163, 171 (C.A.A.F. 2004) (citing *United States v. Benedict*, 55 M.J. 451, 454 (C.A.A.F. 2001)).

An accused enjoys the right to an impartial and unbiased panel. *United States v. Mack*, 41 M.J. 51, 54 (C.M.A. 1994) (citation omitted). The defense bears the initial burden of demonstrating that improper selection criteria were used to exclude otherwise qualified panel members. *Dowty*, 60 M.J. at 171. If that burden is met, the government must then show, beyond a reasonable doubt, that no improper criteria were used, or that the convening authority's motive was benign. *Riesbeck*, 77 M.J. at 165. Where the motive for the improper criteria is benign, the government must still demonstrate a lack of harm. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *Barlett*, 66 M.J. at 430). In this case, appellant has failed to meet his initial burden of demonstrating improper criteria. Further, even if improper selection criteria were used, the government has met its burden to establish that appellant did not suffer material prejudice to his right to a fair and impartial panel.[5] *See id.*

Article 25, UCMJ, establishes the criteria by which a convening authority must select panel members. In accordance with Article 25, UCMJ, the convening authority shall detail such members who are, in his opinion, "best qualified" by reason of "age, education, training, experience, length of service, and judicial temperament." UCMJ art. 25. While the criteria are not exclusive, there are very few recognized exceptions. *Gooch*, 69 M.J. at 358. In this case, both the order and the memorandum implementing the order stressed that nominations should be based on the enumerated factors contained in Article 25, UCMJ.

---

[5] We note the three categories of selection error under Article 25, UCMJ, and their corresponding burdens for establishing prejudice as laid out by our superior court. *Gooch*, 69 M.J. at 361 (citing *Bartlett*, 66 M.J. at 430). After analyzing the three categories and the facts of this case, we find that any error in the selection criteria used by the convening authority was not in an attempt to "stack" appellant's court-martial, nor was it an administrative error. Accordingly, we apply a prejudice analysis wherein the government must establish that appellant's right to a fair and impartial panel was not materially prejudiced by any error in the convening authority's selection criteria. *See id.*

### Consideration of Completed Adverse Actions

The "best qualified" standard articulated in Article 25, UCMJ, anticipates that a convening authority will apply a quantitative and qualitative analysis to the statutory criteria when he personally selects nominees. Exercising the discretion afforded by Congress, it is perfectly reasonable for a convening authority to weigh the quantity of enumerated factors such as age or length of service when determining who is best qualified. *United States v. Roland*, 50 M.J. 66, 68 (C.A.A.F. 1999) (citing *United States v. White*, 48 M.J. 251, 254-55 (C.A.A.F. 1998) (stating that it is not improper to appoint senior qualified members)). Likewise, a convening authority can assess the quality of a nominee's education, experience, training, and judicial temperament. *See, e.g.*, *White*, 48 M.J. at 255 (citing *United States v. Carman*, 19 M.J. 932, 936 (A.C.M.R. 1985) (finding that officers selected for command positions have qualities "totally compatible" with Article 25, UCMJ)).

While neither experience nor judicial temperament are explicitly defined by the statute, regulation, or case law, this court finds that both criteria contain elements of judgment and respect for good order and discipline, such that they could be negatively impacted by a completed adverse action. Therefore, it is not inappropriate for a convening authority to consider completed adverse actions when determining who is "best qualified" for the solemn responsibility of serving on a court-martial panel. Doing so is not injecting adverse action as an additional criteria under Article 25, UCMJ, but rather applying a reasonable qualification to the existing criteria. This court recognizes that some convening authorities might find value in the perspective of members who have been rehabilitated from a completed adverse action, while others may not. Nonetheless, the application of the "best qualified" standard is left to the discretion of each convening authority. *See* UCMJ art. 25; *Bartlett* 66 M.J. at 429 ("Congress and the President crafted few prohibitions on court-martial service to ensure maximum discretion to the convening authority in the selection process . . . ."). Given this discretion, it was appropriate for the convening authority in this case to consider completed adverse actions in determining which members were "best qualified" for court-martial duty.

### Consideration of Pending Adverse Actions

With regard to the limitation on nominees facing potential adverse action, we also agree with the military judge that there was no impropriety. One of the recognized screening criteria not specifically listed in Article 25, UCMJ, is availability. In *Gooch*, the Court of Appeals for the Armed Forces (CAAF) found that availability was an appropriate screening criteria "implicit in the overall structure of the UCMJ, which is intended to promote justice as well as to assist maintaining good order and discipline in an operational context." 69 M.J. at 358 (citations omitted). However, the CAAF noted that availability cannot be used to "mask exclusion or evade Article 25, UCMJ, criteria." *Id.*

In this case, the military judge found that potential members with pending adverse action might eventually be court-martialed, administratively discharged from the service, or transferred to other units for rehabilitative purposes. The military judge ruled that such contingencies would impact availability in much the same way as reassignment or deployment. We agree with the findings of the military judge and further find that pending adverse action could also affect availability if the member is required to participate in formal proceedings, such as a separation board, related to their adverse action.[6] Accordingly, potential nominees with pending adverse action might become unavailable because of the timing of proceedings related to their pending adverse action, because the completed adverse action results in their discharge from the service or transfer to another unit, or because the completed adverse action renders them no longer "best qualified" in the eyes of the convening authority. Given the range of possibilities, we hold that it was not improper for the convening authority to consider pending adverse action as impacting availability when screening potential panel members.

Citing *Gooch*, appellant also contends that the convening authority's nominating order was too broad because those "pending" adverse action might ultimately be cleared or otherwise suffer no disruptions to their availability. However, *Gooch* addressed a convening authority's screening of members who might have personal knowledge of the case, based on contemporaneous service, or who might have personal knowledge of the accused. *Gooch*, 69 M.J. at 358. The CAAF held that those criteria were not appropriate for consideration under Article 25, UCMJ, because they ultimately went to the "bias, potential for bias, or the appearance of bias" of members serving on Gooch's panel, and voir dire is the appropriate avenue to address bias concerns. *Id.* at 360. In this case, we agree with the military judge that consideration of pending adverse action was focused on availability rather than potential bias. Further, we find that the common factors used to screen for availability will almost always be over inclusive. Potential members may not ultimately deploy, change stations, or leave the service for many months after a panel is selected given the ever-changing operational landscape of the military. As such, those members might well be available for at least some courts-martial taking place during their remaining time in the command. Yet, convening authorities are permitted to select panel members based on a member's projected future availability at the time of panel selection. *See id.* at 358 (citing *United States v. Wiesen*, 56 M.J. 172, 176 (C.A.A.F. 2001)). In this case, we find that pending adverse action is no broader than other criteria used to screen panel members for availability.

---

[6] *See* Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations, ch. 2 (19 Dec. 2016); Army Reg. 600-8-24, Personnel-General: Officer Transfers and Discharges, ch. 4 (12 Apr. 2006).

*Prejudice*

Finally, we note that even if the convening authority intentionally excluded an entire category of otherwise qualified members, we find that it was done in a good faith effort to comply with Article 25, UCMJ. *Bartlett*, 66 M.J. at 430. Where a convening authority's motives are benign, an appellant is entitled to relief only if he has suffered material prejudice to his right to a fair and impartial panel. *Gooch*, 69 M.J. at 361. In this case, we conclude that appellant suffered no such prejudice. The facts indicate that the panel members comprising appellant's venire were personally selected by the convening authority based upon criteria enumerated in Article 25, UCMJ. *See United States v. Sullivan*, 74 M.J. 448, 450 (C.A.A.F. 2015). Moreover, the members who sat for appellant's sentencing hearing were selected after a rigorous voir dire process in which appellant successfully exercised two challenges for cause, as well as his preemptory challenge. *Gooch*, 69 M.J. at 361. Finally, once selected, the panel considered all of the evidence presented on sentencing and adjudged a sentence to confinement that was significantly less than what the government asked for, and even less than what the convening authority had agreed to in appellant's pretrial agreement.[7] There is no evidence, beyond pure speculation, that members who had prior adverse action or who were undergoing proceedings related to adverse action, would have settled on a sentence that was any more fair and impartial than that adjudged. *See Sullivan*, 74 M.J. at 451. Accordingly, we find the government has met its burden of demonstrating a lack of harm.

## CONCLUSION

Upon consideration of the entire record, we find appellant failed to meet his initial burden of demonstrating the convening authority considered improper criteria in selecting appellant's panel, and even if an improper selection criteria was used, the government has met its burden to establish that appellant did not suffer material prejudice to his right to a fair and impartial panel.

As noted by the military judge, Charge II and its Specification are conditionally dismissed subject to Charge I and its Specification surviving the completion of appellate review. The remaining findings of guilty and sentence are AFFIRMED.

Judge SALUSSOLIA and Judge SCHASBERGER concur.

---

[7] Appellant's pretrial agreement with the convening authority included a nineteen-year cap on confinement, while the panel sentenced appellant to confinement for twelve years.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court