UNITED STATES, Appellee,

v.

Carl D. HUITT, Hospitalman Second
Class U.S. Navy, Appellant.

No. 52,995.

NMCM 84 3242.

U.S. Court of Military Appeals.

Sept. 30, 1987.

For Appellant: *William C. Halsey, Esq.*
(argued).

For Appellee: *Major F.F. Krider,
USMC* (argued); *Captain Wendell A.
Kjos, JAGC, USN* and *Lieutenant Colonel
Leon F. Henley, Jr., USMC* (on brief);
*Captain Carl H. Horst, JAGC, USN* and
*Lieutenant Robert G. Sosnowski, JAGC,
USNR.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-
martial composed of officer members and

found guilty, contrary to his pleas, of carnal knowledge; sodomy and forcible sodomy with girls under the age of 16; and taking indecent liberties with and committing lewd and lascivious acts upon girls under the age of 16, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed in an unpublished opinion.

This Court granted review of four issues, which we treat in the order they arose at trial. The first one we address is:

WHETHER THE COURT LACKED SUBJECT MATTER JURISDICTION TO TRY APPELLANT FOR CHARGE I, SPECIFICATION 1; CHARGE II, SPECIFICATION 1; AND CHARGE III, SPECIFICATION 2.

█ The charges brought against appellant, then a 22–year–old medical corpsman, resulted from romantic and sexual liaisons he had with four young girls who ranged in age from 11 to 13 years. All were the dependent children of military personnel stationed at the Marine Corps Air Ground Combat Center, Twentynine Palms, California. Six of the offenses of which appellant was convicted occurred on military installations, mostly at a stable where appellant kept his horse and where he became friendly with these girls. Those specifications are not in issue here.

The three offenses in question occurred off-base in nearby Twentynine Palms, California. At trial, appellant moved to dismiss these specifications for lack of subject matter jurisdiction, contending that there was no "service-connection." *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

The recent Coast Guard case of *United States v. Solorio*, 21 M.J. 512 (C.G.C.M.R. 1985), also involved off-base sex offenses with children of military personnel. Chief

Judge Baum, in the Opinion of the Court, wrote:

Our ultimate legal conclusion ... is based on the following determinative factors: the common thread among all offenses of victims who are young dependent daughters accompanying and residing with their ... [military] parents; the violative nature of the offenses which invokes the responsibility and authority of the military commander for maintaining security, order, morale and discipline within his command; and the less than complete interest, concern and capacity of civil authorities in vindicating the military commander's responsibility and authority in this regard. These factors impel us to conclude that the offenses are "service connected" and that the judge's ruling dismissing for want of jurisdiction must be reversed.

*Id.* at 522.

On appeal to this Court, we noted that "*O'Callahan's [supra]* primary concern is with the impact of crimes on the armed services and their missions." *United States v. Solorio*, 21 M.J. 251, 255 (C.M.A. 1986). In that regard, we agreed with the Coast Guard court that

sex offenses against young children ... have a continuing effect on the victims and their families and ultimately on the morale of any military unit or organization to which the family member is assigned. This continuing effect tends to establish service-connection.

*Id.* at 256. *See also United States v. Abell*, 23 M.J. 99 (C.M.A.1986), *cert. denied*, — U.S. —, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987).

Of course, on *certiorari* from our opinion, the United States Supreme Court threw out the service-connection limitation on military jurisdiction. *Solorio v. United States*, — U.S. —, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987). We, however, decide this case on the narrower rationale of our *Solorio* decision. In so doing, we defer addressing the retroactive application of the Supreme Court's holding until that is-

sue is properly framed before us.[1] For the reasons stated in our *Solorio* opinion, we resolve this issue against appellant.

The next issue raised by appellant asks: WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY DENYING DEFENSE CHALLENGES FOR CAUSE OF TWO MEMBERS.

■ This issue stems from the military judge's denial of two defense challenges for cause against prospective court members. The defense contends that the challenges were improperly denied and that the judge abused his discretion in so ruling. The two members, Major Daugherty and Lieutenant Colonel Malinowski, were casual professional and social acquaintances of the father of one of the four victims, but the military judge did not believe that this fact would affect either member's ability to perform their duties as court members without prejudice.

The standards for evaluating such challenges are well-settled:

What we ... [seek] to guard against is a member who harbors such bias toward the crime that he, based upon the facts as they develop and the law as it is given by the military judge, cannot put his personal prejudices aside in order to arrive at a fair sentence for the accused.

*United States v. Davenport*, 17 M.J. 242, 244 (C.M.A.1984).

The determination of whether or not to grant a challenge for cause is left to the military judge, and his decision will be tested by the touchstone of abuse of discretion.

*United States v. Porter*, 17 M.J. 377, 379 (C.M.A.1984).

[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation.... [I]t is virtually impossible to shield jurors from every contact or influence that might theoretically affect their

vote. Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen.

*Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982).

■ The fact that a court member has professional or social knowledge of a victim's relative does not *ipso facto* mean that it would be impossible for the individual to be an impartial court member. The evidence presented in this record supports the military judge's conclusion that these two members were able to exercise fair, free, and impartial judgment. *united States v. Towers*, 24 M.J. 143 (C.M.A.1987); Art. 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). We agree with the judge's ruling and hold that it was not error for him to allow the two members to sit.

We next consider:
WHETHER THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF GUILTY AS TO CHARGE I, SPECIFICATION 1, CARNAL KNOWLEDGE.

■ The issue is whether there was sufficient evidence of penetration. Appellant was apprehended for rape by San Bernadino County sheriff's deputies. He was advised of his rights, which he waived, and interrogated by a detective and a deputy district attorney. The detective testified at the court-martial that appellant orally admitted having penetrated the victim. After this initial admission, the detective tape recorded a conversation with appellant. In the taped version, appellant was "more defensive." His strongest admission regarding penetration occurred in the following exchange:

Q. [Detective] So, you probably—the furthest you could get was just the head of your penis in?

*States v. Starks*, 24 M.J. 857, 859 (A.C.M.R. 1987), *citing Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

---

1. We note that at least one panel of the United States Army Court of Military Review has already concluded that the Supreme Court's holding in *Solorio* is applicable retroactively. (*United*

A. [Appellant] I guess, yeah. You know. If I'm going to go up the river, I might as well go all the way, so it doesn't matter. You know. I can't remember real clearly, but—you know, I'll go with that statement just so you'll have a statement to work with.

At other portions of the taped interview, appellant denied penetration. The tape was admitted in evidence and played for the court members.

During his trial testimony, appellant admitted attempting intercourse with the victim, but he denied that penetration had occurred. He also explained that he was an emergency room technician, that he had had considerable medical training, and that he was familiar with the female anatomy and sex organs.

The 12-year-old victim testified that appellant was laying between her legs, that his penis was erect, that he was pressing against her, and that he was "tr[ying] to stick his penis into" her. However, she did not believe he was successful in penetrating her vagina.

Article 120(c) provides that "[p]enetration, however slight, is sufficient to complete" the offense of carnal knowledge. In order for evidence to be "legally sufficient to" sustain a conviction, there must be "some legal and competent evidence from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction." *United States v. Harper*, 22 M.J. 157, 161 (C.M.A. 1986); *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Further, the finders of fact "may believe one part of a witness' testimony and disbelieve another." *United States v. Snipes*, 18 M.J. 172, 175 (C.M.A.1984), quoting *United States v. Harris*, 8 M.J. 52, 59 (C.M.A.1979).

In weighing this conflicting testimony, the court members could reasonably have concluded that appellant's pretrial admissions of penetration were accurate, due to his superior knowledge and experience and the unlikelihood of his making such incriminating statements if they were not true. It also follows that the members might well have discounted, in such matters, the opinion of an inexperienced 12-year-old. A careful review of the record demonstrates that the evidence is, indeed, legally sufficient to support this conviction.[2]

We finally consider the issue which asks: WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY ADVISING THE COURT THAT THE MAXIMUM TOTAL CONFINEMENT WAS 105 YEARS BECAUSE CHARGE I, SPECIFICATIONS 1 AND 2, WERE MULTIPLICIOUS FOR THE PURPOSES OF SENTENCING WITH CHARGE II, SPECIFICATIONS 1 AND 2.

The defense contends that carnal knowledge and sodomy are multiplicious for sentencing. The military judge, however, ruled that the offenses were different, violated different norms, had different purposes, and were separate acts. We have held that a military judge is within his discretion in treating the offenses of sodomy and indecent liberties as separate for all purposes. *United States v. Cox*, 18 M.J. 72, 74 (C.M.A.1984). We are thoroughly convinced that appellant's acts, as illustrated by the record, were separate offenses. Paras. 199 and 204, Manual for Courts-Martial, United States, 1969 (Revised edition).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

2. Even if the evidence were not sufficient to support a conviction for the completed offense, the only plausible remedy would be to remand the case to the Court of Military Review for a determination of whether the evidence was sufficient to sustain a conviction of the lesser-included offense of *attempted* carnal knowledge— the elements of which were abundantly proclaimed by appellant during his trial testimony, *inter alia*, and which offense carried a maximum punishment identical to that of the completed offense. Para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition).