UNITED STATES

v.

**Airman Basic Robert S. MITCHELL,
FR 458–49–9459, United States
Air Force.**

**ACM 28168.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Sept. 1989.

Decided 20 Nov. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E.

Giovagnoni; Captain Leonard R. Rippey and Major Kingston E. Smith, USAFR.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

McLAUTHLIN, Judge:

After serving just six days on active duty, Airman Basic Robert S. Mitchell obtained the keys to another military member's car and left Lackland Air Force Base. He now stands convicted of a 15 day unauthorized absence and theft of the $10,000 vehicle. Facing an approved sentence of a bad conduct discharge, confinement for three years, and total forfeitures, Mitchell asserts four errors on appeal. We find some merit in two.

### I

█ First, he cites as error the military judge's denial of his challenge of three court-martial panel members for cause. During initial voir dire, all three indicated they knew the victim of the car theft. However, in individual voir dire, each said he could nevertheless remain open minded and unbiased. Eventually, two of the three were removed by peremptory challenges.

The law is settled that a ruling denying a challenge for cause will be reversed on appeal only if there is a clear abuse of discretion. *United States v. Hawks*, 19 M.J. 736 (A.F.C.M.R.1984). In *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987), Judge Cox noted:

To reverse for "an abuse of discretion involves far more than a difference in ... opinion.... The challenged action must ... be found to be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous' in order to be invalidated on appeal." *Quoting United States v. Glenn*, 473 F.2d 191, 196 (D.C.Cir.1972)

Here, there is no such abuse of discretion. The trial judge did not err by denying challenges for cause of panel members who, despite knowing the victim of the alleged car theft, said they could and would remain open minded and unbiased. *See United States v. Huitt*, 25 M.J. 136 (C.M.A. 1987), *United States v. Porter*, 17 M.J. 377 (C.M.A.1984).

### II

█ Appellant next asserts that the military judge erred in denying his motion to suppress two inculpatory statements he made to civilian and security police investigators. Based upon *New York v. Harris*, —— U.S. ——, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), and *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), we find that the military judge did err, but only by allowing Mitchell's first admission. We further find that this error was harmless.

Mitchell's first statement was made on 4 August 1989 to two civilian investigators who entered his motel room with probable cause to apprehend,[1] but without consent, an arrest warrant, search authorization, or any exigent circumstances. Three days later, while still in civilian custody, Mitchell made a written confession to a security police investigator. Both statements were made after appropriate rights advisements.

The facts here parallel those analyzed recently by the Supreme Court in *Harris*. There, police officers entered Harris' apartment without a warrant and, after rights advisement, obtained a verbal confession. Harris was arrested, taken to the stationhouse, and again informed of his *Miranda* rights. He then signed a written inculpatory statement.

█ The trial court's suppression of Harris' original admission in his apartment house was never at issue on appeal. The Fourth Amendment prohibits the police from effecting a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. *Payton*, 445 U.S. at 587, 100 S.Ct. at 1380. By entering Mitchell's motel room without a warrant and without his consent, the civil-

---

1. We agree with the military judge's finding that there was probable cause for Mitchell's apprehension.

ian police violated this rule.[2] Like Harris' apartment house confession, Mitchell's admission in the motel room was inadmissible fruit of an illegal arrest. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1979); *United States v. Wynn*, 13 M.J. 446 (C.M.A.1982); *United States v. Davis*, 30 M.J. 718 (A.F.C.M.R. 1990).

However, in *Harris*, the Supreme Court refused to suppress Harris's subsequent station-house statement, holding:

> ... where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton*.

100 S.Ct. at 1644–45.

Here, Mitchell was outside his temporary residence when he made his written confession at the police station three days after his arrest. Additionally, there was probable cause for Mitchell's arrest. Since Mitchell's confession to the security police investigator at the police station was in all other respects admissible, the military judge correctly denied the motion to suppress it.

■ Therefore, the court properly considered Mitchell's written confession to taking the vehicle on 20 July 1989 and driving it to the Dallas–Fort Worth area. A stipulation of fact also before the panel restated this written confession, and added that Mitchell continued his unauthorized absence with the automobile until 4 August 1989. Thus, Mitchell's motel room admission that he was absent without leave and possessed the keys to the reportedly stolen vehicle, added nothing to the evidence properly before the members. The error in admitting that oral confession was harmless.

---

2. It is settled that a hotel or motel guest is entitled to constitutional protection against unreasonable searches and seizures. *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); *United States v. Owens*, 782 F.2d 146 (10th Cir.1986).

3. Charged with desertion terminated by apprehension under Article 86, UCMJ, 10 U.S.C.

## III

■ Next, appellant argues that the evidence is insufficient to prove that he stole the automobile, pointing to the inconsistency between this finding by the court-martial members and their finding that he did not intend to remain away permanently.[3] Since the car was his means of transportation during a temporary absence, Mitchell submits, the most he can be found guilty of is a temporary taking, or wrongful appropriation.

However, the members also had before them evidence regarding Mitchell's neglect of the vehicle while it was in his possession. This evidence ostensibly convinced them Mitchell did not intend to return with the automobile. We are similarly persuaded, after applying the tests for factual and legal sufficiency set out in *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). Article 66(c), UCMJ, 10 U.S.C. § 866(c).

## IV

■ Appellant's final argument regards sentence appropriateness. Our review of the record persuades us that, for this accused and the offenses of which he was convicted, only so much of the sentence is appropriate as provides for a bad conduct discharge, confinement for two years and forfeiture of all pay and allowances. The approved findings of guilty and the sentence, as modified, are correct in law and fact and are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.

---

§ 886, and theft of a motor vehicle under Article 121, UCMJ, 10 U.S.C. § 921, appellant pleaded guilty, by exceptions and substitutions, to absence without leave and wrongful appropriation of the automobile. The members found him guilty of absence without leave and theft of the car.